STATE OF NORTH CAROLINA v. JOSE LEYVA, DEFENDANT

No. COA06-354

(Filed 6 February 2007)

**1. Jury— selection—trial judge excused himself from courtroom**

Although the trial court erred in a trafficking in cocaine by possession and trafficking in cocaine by transportation case by excusing himself from the courtroom during jury selection and failing to decide all questions about the competency of the jurors as required by N.C.G.S. § 15A-1211(b) by allowing the attorneys

to stipulate to the removal of jurors for cause, defendant failed to show that he was prejudiced in any way by this error.

**2. Appeal and Error— record—confidential informant—failure to seal file for appellate review**

The trial court did not err in a trafficking in cocaine by possession and trafficking in cocaine by transportation case by failing to seal the confidential informant's file for appellate review, because: (1) the State did not request a protective order since the discovery statutes did not require the State to disclose information about the confidential informant who was not testifying at trial; and (2) the confidential informant's identity was not known.

**3. Criminal Law— denial of motion for mistrial—prosecutor's reference to defendant's detainment in jail and postarrest exercise of right to silence**

The trial court did not err in a trafficking in cocaine by possession and trafficking in cocaine by transportation case by denying defendant's motions for a mistrial based on the prosecutor's reference to defendant's detainment in jail and his postarrest exercise of his right to silence, because: (1) proper curative actions were taken by the court and no prejudicial effect resulted; (2) the incompetent evidence that defendant was incarcerated was first referenced by defendant himself, and curative instructions were given; and (3) our Supreme Court has held that so long as improper questions are not persistently repeated, the trial court's decision to sustain defense counsel's objection is sufficient to prevent any prejudicial error.

**4. Evidence— hearsay—not offered for truth of matter asserted—explanation for officer's presence**

The trial court did not err in a trafficking in cocaine by possession and trafficking in cocaine by transportation case by admitting certain testimony by two detectives even though defendant contends it constituted inadmissible hearsay, because: (1) the testimony was presented to explain the officers' presence at the pertinent locations, and it was not presented for the truth of the matter asserted; (2) no admission of hearsay occurred, and thus plain error analysis was unnecessary; and (3) in addition to the inapplicability of *United States v. Silva*, 380 F.3d 1019 (2004), cited by defendant, a Seventh Circuit ruling is not binding on the Court of Appeals.

**5. Evidence— testimony—undisclosed witness**

The trial court did not err in a trafficking in cocaine by possession and trafficking in cocaine by transportation case by excluding a witness's testimony regarding the reliability of confidential informants, because: (1) it was within the trial court's discretion to deny defendant's request to allow an undisclosed witness to testify during the trial as either an expert or as a lay witness; and (2) the witness's potential testimony was not in the interest of justice.

Appeal by defendant from judgment entered 7 June 2005 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 November 2006.

*Roy Cooper, Attorney General, by Jennie W. Hauser for the State.*

*Linda B. Weisel, for the defendant-appellee.*

ELMORE, Judge.

On 7 June 2005, Jose Leyva (defendant) was convicted by a jury in Mecklenburg County of trafficking in cocaine by possession and trafficking in cocaine by transportation. He was sentenced to 175 to 219 months in prison. It is from this conviction that defendant appeals.

On 31 August 2004, defendant was involved in a drug deal with undercover agents of the Charlotte Mecklenburg Police Department (CMPD). On 30 August 2004, defendant met with a confidential informant working for the CMPD at Salsa's Restaurant, and Detective James Almond made an audiotape of the conversation between defendant and the informant. The informant told Detective Almond that the meeting was to discuss at least a quarter kilogram cocaine deal, and Detective Almond in turn told this information to Detective Steve Whitzel. Detective Andre Briggs testified that Detective Almond told him that the defendant "was going to deliver a half kilo to Detective [Kelly] Little and a confidential informant." On the evening of 31 August 2004, Detectives Briggs and Whitzel set up surveillance of the defendant's apartment and the apartment complex where the cocaine sale was supposed to be made.

At approximately 10:30 p.m., Detective Little, working undercover, met with defendant and two other men. Defendant, Detective

Little and the informant walked to defendant's car and defendant tossed a McDonald's bag that had been in the front passenger seat into the back seat. Detective Little reached into the back seat and looked inside the McDonald's bag, which appeared to contain a half kilogram block of cocaine. Detective Little told defendant that "it looked good" and took the block of cocaine back to his car, accompanied by the informant and defendant. The other police detectives then arrived and arrested all three men.

Defendant contends that his convictions for trafficking cocaine should be vacated and that he is entitled to a new trial. He presents the following five arguments: (I) the trial court erroneously failed to exercise its statutory duty to decide all questions concerning the competency of jurors; (II) the trial court erroneously failed to follow its constitutional and statutory obligation to seal and preserve a confidential informant's file in the record for appellate review; (III) the trial court erroneously denied defendant's motions for a mistrial based on improper questions by the prosecutor; (IV) the trial court erroneously admitted statements by Detectives Whitzel and Briggs in violation of defendant's constitutional right to confrontation and state evidence rules; and (V) the trial court erroneously excluded defendant's expert witness, Ron Guerrette. After careful review, we find no error in defendant's trial.

I.

[1] Defendant first argues that he is entitled to a new trial because the trial judge did not decide all questions about the competency of the jurors in this case as required by North Carolina statute. Before the start of jury selection, the trial judge stated:

Counsel, I may be in and out during the jury selection. If you need me, I'll be immediately available.

If you want to excuse by stipulation, you may. That is, if you both agree that you can excuse a juror that would not count as a peremptory, count as a for cause.

Jury selection was not recorded and the transcript merely reflects that fact. The record on appeal includes a stipulation that "[d]uring unrecorded jury selection, in the Judge's absence, the parties dismissed some potential jurors for cause by stipulation of the parties." No objections were made by either party as to the jury selection process.

North Carolina General Statute section 15A-1211(b) states that "[t]he trial judge must decide all challenges to the panel and all questions concerning the competency of jurors." Although defendant did not object to the jury panel, "[i]n general, when 'a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial." *State v. Stroud*, 147 N.C. App. 549, 563, 557 S.E.2d 544, 552 (2001) (quoting *State v. Lawrence*, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000), *cert. denied*, 531 U.S. 1083, 148 L. Ed. 2d 684 (2001)). However, the North Carolina Supreme Court has held that a defendant's assignment of error regarding improper jury panel selection is without merit when a "record reflects that defendant never challenged the jury panel selection process and never once voiced to the trial court any objection to the allegedly improper handling of the jury venires prior to the call of his case for trial before a jury." *State v. Workman*, 344 N.C. 482, 498, 476 S.E.2d 301, 310 (1996).

In *Workman*, the defendant argued that "N.C.G.S. § 15A-1211(b) was violated because a deputy clerk of court, rather than the trial court, allegedly examined the basic qualifications of the prospective jurors." *Id.* The North Carolina Supreme Court stated that the defendant should have challenged the jury panel by following the procedure laid out in N.C. Gen. Stat. § 15A-1211(c). *Id.* at 498-99. The statute states:

(c) The State or the defendant may challenge the jury panel. A challenge to the panel:

(1) May be made only on the ground that the jurors were not selected or drawn according to law.

(2) Must be in writing.

(3) Must specify the facts constituting the ground of challenge.

(4) Must be made and decided before any juror is examined.

If a challenge to the panel is sustained, the judge must discharge the panel.

N.C. Gen. Stat. § 15A-1211(c) (2005).

In this case, defendant did not follow the procedure outlined above, but we do not dismiss defendant's assignment of error based on this noncompliance. Because defendant in this case specifically

contends that the trial court failed to decide all questions concerning the competency of jurors by allowing the attorneys to stipulate about the competency of jurors and agree to individual jurors' removal for cause, his assignment of error does not require compliance with N.C. Gen. Stat. § 15A-1211(c). Although we hold that the trial judge erred by excusing himself from the courtroom during jury selection, defendant failed to show that he was prejudiced in any way by this error. Accordingly, this assignment of error is overruled.

## II.

**[2]** Defendant next argues that the trial court erred by not sealing the confidential informant's file for appellate review. We disagree. Defendant relies upon N.C. Gen. Stat. § 15A-908(b), which states that when material is submitted for review *in camera*, "the material . . . must be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal." N.C. Gen. Stat. § 15A-908(b) (2005). However, this statute governs the granting of protective orders by the trial court. Here, the State did not request a protective order because the discovery statutes did not require the State to disclose information about the confidential informant, who was not testifying at trial. *See* N.C. Gen. Stat. §§ 15A-903 and 15A-904 (showing that the identity of a confidential informant is not included in the list of items that must be made available to the State, either when produced voluntarily or as a result of defendant's motion).

Defendant also cites to *State v. Hardy*, 293 N.C. 105, 235 S.E.2d 828 (1977), for the proposition that if a trial judge makes an *in camera* inspection of a confidential informant's file and then rules against disclosure of the contents, he must "order the sealed statement placed in the record for appellate review." *Id.* at 128, 235 S.E.2d at 842. In *Hardy*, the defendant made a pretrial motion to discover a statement made by a testifying witness as well as a subsequent motion at trial to discover the same statement. The *Hardy* court held that discovery of the witness's statement at trial was not prohibited by N.C. Gen. Stat. § 15A-904(a) because the witness's identity was already known. In this case, the confidential informant's identity was not known and he was not testifying at trial.

## III.

**[3]** In his third assignment of error, defendant argues that he is entitled to a new trial because his motions for a mistrial based on two questions asked by the prosecutor were denied by the trial court. The

first question referenced defendant's detainment in jail and the second his post-arrest exercise of his right to silence. Defendant moved for a mistrial after each allegedly improper question, and was denied both times. The trial court did not err in denying defendant's motion for mistrial because proper curative actions were taken by the court and no prejudicial effect resulted.

During cross-examination, defendant mentioned his arrest to the jury, "Okay. I said that because when they arrested me, they beat me. And they drug me on the ground, and drug my hair. And they beat me like this." Later, in the same colloquy, the prosecutor asked, "Mr. Leyva, you had access to the officers [sic] statements in this case, didn't you?" Defendant answered, "in the moment of the arrest or in the office?" The prosecutor responded, "Since you've been detained?"

This last question, a direct response to defendant's question, is the first of the improper questions upon which defendant bases his assignments of error. Defendant objected, the jury was excused, and the trial court considered counsels' arguments. The court then denied defendant's motion for mistrial, but instructed the prosecutor to tell the witness to disregard the question once the jury returned and indicated that the court would instruct the jury. After the jury returned, the trial court instructed the jury to "disregard and strike from [its] mind the last question asked by the State."

"When the trial court withdraws incompetent evidence and instructs the jury not to consider it, any prejudice is ordinarily cured." *State v. Rowsey,* 343 N.C. 603, 627, 472 S.E.2d 903, 916 (1996), *cert. denied,* 519 U.S. 1151, 137 L. Ed. 2d 221 (1997) (quoting *State v. Black,* 328 N.C. 191, 200, 400. S.E.2d 398, 404 (1991)). "Whether instructions can cure the prejudicial effect of such statements must depend in large measure upon the nature of the evidence and the particular circumstances of the individual case." *Id.* (quoting *State v. Hunt,* 287 N.C. 360, 374, 215 S.E.2d 40, 49 (1975)). In this case, any prejudicial effect was minimal—the incompetent evidence, that defendant was incarcerated, was first referenced by defendant himself, and curative instructions were given by the court instructing the jury not to consider the improper question.

The second statement to which defendant objects occurred during cross-examination of the defendant when the State asked defendant, "you never wrote a statement of your own to the police officers, did you?" Defense counsel objected and the court sustained the

objection, preventing the defendant from answering and the prosecutor from asking any further questions. Defendant did not then request the court to strike the question or to give an instruction to the jury. Our Supreme Court has held that so long as improper questions are not persistently repeated, "the trial court's decision to sustain defense counsel's objection is sufficient to prevent any prejudicial error." *State v. Smith,* 328 N.C. 99, 136, 400 S.E.2d. 712, 733 (1991).

IV.

[4] Defendant next argues that the trial court erroneously admitted certain testimony by Detectives Whitzel and Briggs, which defendant argues was inadmissible as hearsay. Defendant first objects to testimony by Detective Whitzel regarding Detective Whitzel's knowledge that defendant and the confidential informant were going to meet at Salsa's Restaurant to make a cocaine sale. In relevant part, the following testimony by Detective Whitzel occurred:

State: Had you received some information from a confidential informant earlier, regarding Mr. Leyva?

Witness: Detective Almond had.

. . .

State: Okay. Did you have information that the confidential informant was suppose [sic] to be at that location as well?

Witness: Yes I did.

State: And did—was he at that location?

Witness: Yes he was.

State: Was Mr. Leyva there to meet the confidential informant?

Witness: Yes he was.

State: Detective, what information did you receive from the confidential informant?

Defendant: Objection

Court: Basis.

Defendant: Hearsay. Proffered. Sixth Amendment.

The trial judge excused the jury to determine whether the question was hearsay.

Court: Well, let's hear what he's going to say outside the presence of the jury.

Witness: I didn't receive from the informant. I received from Detective Almond that Mr. Leyva and the informant were going to meet at Salsa's Restaurant and discuss at least a quarter kilo deal of cocaine.

Court: Okay. Do you object to that?

Defendant: That's two levels of hearsay, Your Honor. And it's very prejudicial, for the reason that the informant is not going to be testifying. It is offered for the truth of the matter asserted. And this witness has no basis of knowledge of that fact that I'm aware of.

State: Your Honor, actually it's not offered for the truth of the matter asserted. It's merely offered to show why Detective Whitzel was at that specific location at that particular time.

. . .

State: Mr. Tin is alleging there was entrapment in this case, Your Honor. That's the only way the State can rebut the entrapment issue throughout this trial, is to have. that information from the confidential informant.

There are no *Crawford* issues because it is not testimonial, it's not coming from the police officer.

We're not offering it for the truth of the matter asserted, merely to show why he was at that particular location at that particular date.

The judge allowed the testimony and defendant failed to object to its admission. Because defendant failed to object to the admission of this evidence and preserve for appellate review the question of its admissibility, defendant assigns and argues that the error is plain error. "In criminal cases, a question which was not preserved by objection noted at trial . . . may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4) (2005). Plain error is error "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S.

1036, 99 L. Ed. 2d 912 (1988) (citing *State v. Walker*, 316 N.C. 33, 340 S.E.2d 80 (1986); *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983)).

Defendant argues that the admission of Detective Whitzel's testimony about the information given to Detective Almond by the confidential informant violated defendant's Sixth Amendment rights and constitutes plain error. Defendant relies on a *Crawford* argument that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability [of the declarant] and a prior opportunity for cross-examination" before out-of-court statements can be admitted at trial. *Crawford v. Washington*, 541 U.S. 36, 68, 158 L. Ed. 2d 177, 203 (2004). Defendant correctly asserts that the trial court did not make a determination that the informant was unavailable, nor did defendant have an opportunity to cross-examine informant. However, defendant incorrectly categorizes the evidence as testimonial. Here, the evidence was introduced to explain the officers' presence at Salsa's Restaurant that night, not for the truth of the matter asserted. No admission of hearsay occurred, and thus analysis of the plain error argument is unnecessary.

A later witness, Detective Briggs, testified that he participated in the surveillance of defendant's apartment at the request of Detective Almond, which request was founded on information provided by the confidential informant. When asked to explain why he was outside defendant's home, Detective Briggs responded that, "On that day, I was given information by Detective Almond that this subject was going to deliver a half kilo to Detective Little and a confidential informant." Defendant did not object to this testimony during the trial, and so must prove the admission of Briggs' testimony was plain error. However, analysis of the plain error argument is again unnecessary because, as with the previous statement, this testimony was introduced to explain Detective Briggs' presence outside of defendant's apartment rather than the truth of the matter asserted.

Defendant also asserts that these two statements violated Rule 802 of the North Carolina Rules of Evidence because they are inadmissible hearsay. As previously articulated, the statements were admissible to explain the presence of the detectives, rather than to prove that defendant sought to sell cocaine. Defendant appears to argue that his case is similar to a Seventh Circuit case holding that "[a]llowing agents to narrate the course of their investigation, and thus spread before juries damning information that is not subject to cross-examination, would go far toward abrogating the

defendant's rights under the [S]ixth [A]mendment." *United States v. Silva*, 380 F.3d 1019, 1020 (7th Cir. 2004). However, the *Silva* court later states that:

> There are no doubt times when the testimony regarding a tip from an informant is relevant. If a jury would not otherwise understand why an investigation targeted a particular defendant, the testimony could dispel an accusation that the officers were officious intermeddlers staking out [defendant] for nefarious purposes. No such argument was made in this case, however, and no other explanation was given why the testimony would be relevant.

*Id.* This situation is exactly the one at play in this case. The State specifically stated that Detective Whitzel's testimony was admissible to explain why the detective was at Salsa's Restaurant, and, had defendant objected to Detective Briggs' testimony, the State probably could have again stated that the evidence was offered to explain why defendant's house was under police surveillance. In addition to the inapplicability of *Silva* to the case at hand, a Seventh Circuit ruling is not binding on this Court.

V.

[5] In his final assignment of error, defendant argues that the trial court erred by excluding the testimony of Ron Guerrette, a witness defendant sought to have testify as an expert on the reliability of confidential informants. Defendant did not notify the State of its intent to call Mr. Guerrette as a witness until after the State had presented evidence from several CMPD detectives. Defendant claims he had not previously provided Mr. Guerrette's name to the trial court or the State during discovery because he had not reasonably expected to need an expert, but later determined one was required because he had "never heard four officers get up and talk about every informant being reliable." The trial court denied defendant's motion, because Mr. Guerrette's testimony "would be of a nature of testimony given by an expert" and "notice was not given in accordance with 15A-905(c)(2)"; the issue could have been anticipated because defendant was "aware of the use of a confidential informant"; and his testimony is not required by the interests of justice.

If the State voluntarily provides discovery to a defendant pursuant to N.C. Gen. Stat. § 15A-902(a) prior to trial, the trial court must, upon motion of the State, order the defendant to give notice to the State of any expert witnesses that the defendant reasonably expects to call as a witness at trial within a reasonable time prior to

trial as specified by the court. N.C. Gen. Stat. § 15A-905(c)(2) (2005). The trial court must also order the defendant to provide to the State,

> at the beginning of jury selection, a written list of the names of all other witnesses whom the defendant reasonably expects to call during the trial. . . . If there are witnesses that the defendant did not reasonably expect to call at the time of the provision of the witness list, and as a result are not listed, the court upon a good faith showing shall allow the witnesses to be called. Additionally, in the interest of justice, the court may in its discretion permit any undisclosed witness to testify.

N.C. Gen. Stat. § 15A-905(c)(3) (2005).

As correctly stated by the trial court, it was within the trial court's discretion to deny defendant's request to allow an undisclosed witness to testify during the trial, as either an expert or as a lay witness. The trial court properly determined that Mr. Guerrette's potential testimony was not in the interest of justice. Accordingly, defendant's final assignment of error is overruled.

No prejudicial error.

Chief Judge MARTIN and Judge McCULLOUGH concur.