STATE OF NORTH CAROLINA v. DENNIS O'KIETH BLACKWELL, DEFENDANT

No. COA09-1476

(Filed 21 September 2010)

**Evidence— erroneous admission of laboratory reports—failure to serve notice of intent to use reports**

Defendant was entitled to a new trial in a possession with intent to sell cocaine and selling cocaine case based on the trial court's erroneous admission of two laboratory reports. Defendant was not served with notice of the State's intent to use the laboratory reports as evidence of the identity, nature, and quantity of any and all controlled substances or alleged controlled substances seized as required by N.C.G.S. § 90-95(g). Prior to 15 June 2009, the State should have served any notices to defendant personally. Introduction of the first laboratory report was error and the introduction of the second laboratory report was plain error.

Appeal by defendant from judgment entered on or about 17 June 2009 by Judge Donald W. Stephens in Superior Court, Person County. Heard in the Court of Appeals 28 April 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Tawanda Foster-Williams, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted of two counts of possession with intent to sell cocaine and two counts of selling cocaine. As defendant was not served with notice of the State's intent to use laboratory reports "as evidence of the identity, nature and quantity of any and all controlled substances or alleged controlled substances seized[,]" we grant defendant a new trial.

STATE v. BLACKWELL

[207 N.C. App. 255 (2010)]

## I. Background

On or about 9 February 2009, defendant was indicted for two counts of possession with intent to sell and deliver cocaine and two counts of selling cocaine in 2008. Defendant was also indicted for obtaining habitual felon status. On or about 9 March 2009, defendant waived his "right to assigned counsel[,]" and the record does not contain any indication that defendant was represented by privately retained counsel until June 2009. On or about 19 March 2009, the State provided attorney Chris Perkins with notice pursuant to N.C. Gen. Stat. § 90-95(g) and (g1) that it intended to "use any all Laboratory Reports and Chain of Custody Reports or Records prepared by and with the State Bureau of Investigation . . . as evidence of the identity, nature and quantity of any and all controlled substances or alleged controlled substances seized or otherwise relevant[.]" The certificate of service of the notice indicates that it was served upon Mr. Perkins as counsel for defendant. On or about 15 June 2009, defendant filed a *pro se* request for discovery. Also on or about 15 June 2009, Mr. Perkins was appointed as defendant's counsel. However, on 16 June 2009, attorney C.A. Couch filed a "NOTICE OF APPEARANCE" on behalf of defendant. On or about 17 June 2009, the day after Mr. Couch began representing defendant and two days after Mr. Perkins was appointed as defendant's counsel, defendant was tried by a jury and found guilty on all four drug-related charges. Mr. Couch represented defendant at trial. After the verdicts were rendered, defendant pled guilty to obtaining habitual felon status. Defendant appeals.

## II. Attorney of Record

Within defendant's broader arguments as to why the State should not have been allowed to introduce two laboratory reports which identified the substances which he was charged with possessing and selling as cocaine, defendant noted that "on March 19th, the [S]tate served Mr[.] Perkins with notices of its intent to use SBI laboratory reports regarding the identity and nature of any seized substances." From the record before us, Mr. Perkins was not defendant's attorney in March of 2009; defendant had waived his right to assigned counsel and did not have a court-appointed or retained attorney until 15 June 2009. At trial, defendant was represented by Mr. Couch. The State counters defendant's argument that he was representing himself prior to 15 June 2009 by stating that defendant's "argument is not persuasive, given that the record is clear that up until June 16, 2009, when Mr. Couch appeared, Mr. Perkins was the attorney of record for Defendant." The State then

refers to two documents in the record and two transcript references which it argues show that "the record is clear that . . . Chris Perkins was the attorney of record for Defendant." The State relies upon the following references as to defendant's counsel:

(1) a March 2009 notice the State sent to Chris Perkins regarding introducing defendant's statement[1];

(2) the trial court's appointment of Chris Perkins as defendant's counsel on 15 June 2009;

(3) the trial court's statement to counsel that "I met in chambers this morning with Mr. Perkins and Mr. Brasher who has been, who Mr. Perkins I appointed yesterday[;]" and

(4) the trial court's inquiry to defendant immediately before his trial if he would like his appointed counsel, Mr. Perkins or his retained counsel, Mr. Couch, to represent him at trial.

None of these references establish that defendant had any legal representation before 15 June 2009. To the contrary, the references tend to show that defendant was representing himself until 15 June 2009. Therefore, prior to 15 June 2009, the State should have served any notices to defendant upon him personally. *See* N.C. Gen. Stat. § 90-95(g) (2007).

During the trial, defendant objected to admission of the first laboratory report into evidence, but not the second. When a defendant objects to the admission of evidence, we consider, "whether [the evidence] was admissible as a matter of law, and if so, whether the trial court abused its discretion in admitting the evidence." *State v. Bodden,* —— N.C. App. ——, ——, 661 S.E.2d 23, 27 (2008) (citation omitted), *disc. review denied and appeal dismissed,* 363 N.C. 131, 675 S.E.2d 660, *cert. denied,* —— U.S. ——, 175 L. Ed. 2d 111 (2009). When a defendant fails to object to the admission of evidence we review for plain error. *See State v. Wilson,* —— N.C. App. ——, ——, 691 S.E.2d 734, 738 (2010) ("Where, as here, a criminal defendant fails to object to the admission of certain evidence, the plain error analysis . . . is the applicable standard of review." (citation and quotation marks omitted)). However, in this instance, we need not distinguish between these two standards of review as to the two separate laboratory reports, because the

---

1. "The State sent two notices to Mr. Perkins on or about 19 March 2009, one regarding defendant's statement and one regarding laboratory reports. The State only cites to the notice of defendant's statement as evidence that Mr. Perkins was defendant's attorney before 15 June 2009.

introduction of each laboratory report resulted in prejudice so grave that it meets the heightened standards of plain error review. *State v. Leyva*, 181 N.C. App. 491, 499, 640 S.E.2d 394, 399 ("Plain error is error so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." (citations and quotation marks omitted)), *disc. review denied and appeal dismissed*, 361 N.C. 573, 651 S.E.2d 370 (2007), *disc. review dismissed*, —— N.C. ——, 673 S.E.2d 872 (2009).

N.C. Gen. Stat. § 90-95(g) provides that

> [w]henever matter is submitted to the North Carolina State Bureau of Investigation Laboratory, the Charlotte, North Carolina, Police Department Laboratory or to the Toxicology Laboratory, Reynolds Health Center, Winston-Salem for chemical analysis to determine if the matter is or contains a controlled substance, the report of that analysis certified to upon a form approved by the Attorney General by the person performing the analysis shall be admissible without further authentication in all proceedings in the district court and superior court divisions of the General Court of Justice as evidence of the identity, nature, and quantity of the matter analyzed. Provided, however, that a report is admissible in a criminal proceeding in the superior court division or in an adjudicatory hearing in juvenile court in the district court division only if:
>
> (1) The State notifies the defendant at least 15 days before trial of its intention to introduce the report into evidence under this subsection and provides a copy of the report to the defendant, and
>
> (2) The defendant fails to notify the State at least five days before trial that the defendant objects to the introduction of the report into evidence.
>
> Nothing in this subsection precludes the right of any party to call any witness or to introduce any evidence supporting or contradicting the evidence contained in the report.

N.C. Gen. Stat. § 90-95(g).

During trial, when defendant's attorney objected to the introduction of the first laboratory report, the State's attorney said that the State was "allowed to get in the results and the laboratory report through

the officer since there was no objection made regarding this matter five days prior to trial." The trial court determined that the State had "satisfied the requirements of 90-95 Subsection G[,]" referring to notification to the defendant "15 days before trial of its intention to introduce the report into evidence[,]" *id.*, and overruled defendant's objection. Thus, the trial court overruled defendant's objection, in part, because the State had complied with N.C. Gen. Stat. § 90-95(g). However, as we have already determined, the State had not complied with this provision as the State failed to serve defendant himself with notice of its intent to introduce the laboratory reports.

The trial court erroneously concluded that the State had complied with N.C. Gen. Stat. § 90-95(g) and overruled defendant's objection to the first report; this resulted in admission of the first laboratory report which showed the substance defendant possessed and sold was cocaine. Although defendant failed to object to the second laboratory report, the extent of prejudice to defendant from the second report is no different from the first. Defendant was convicted of two counts of possession with intent to sell and deliver cocaine and two counts of selling cocaine; the first report addressed the substance possessed and sold as to two charges, and the second report addressed the substance possessed and sold as to two other charges. For each charge, the identification of the substance as cocaine was a fundamental part of the State's case. *See generally State v. Ward,* —— N.C. ——, ——, 694 S.E.2d 738, 747 (2010) ("[T]he burden is on the State to establish the identity of any alleged controlled substance that is the basis of the prosecution. Unless the State establishes before the trial court that another method of identification is sufficient to establish the identity of the controlled substance beyond a reasonable doubt, some form of scientifically valid *chemical analysis* is required." (emphasis added)). Without the erroneous admission of the laboratory reports, there was no competent evidence that the substance which defendant possessed and sold was cocaine, *see id.*, and a jury could not have found defendant guilty, even if the trial proceeded that far, since without the laboratory reports, the case against defendant would have been subject to dismissal at the close of the State's evidence. Accordingly, we conclude that introduction of the first laboratory report was error, introduction of the second laboratory report was plain error, and defendant is entitled to a new trial. As we are granting defendant a new trial, we need not review his other issues on appeal.

III. Conclusion

As we have determined that admission of the laboratory reports *into evidence was error or plain error*, we reverse the judgment and remand for a new trial.

NEW TRIAL.

Judges McGEE and HUNTER, JR., Robert N., concur.