STROUD, Judge.
 

 *703
 
 The trial court entered judgments against defendant for hit and run, second degree murder, and possession of cocaine. Defendant appeals. For the following reasons, we find no error.
 

 *704
 
 I. Background
 

 On 16 February 2012, Officer Tim Wilson of the Charlotte Mecklenburg Police Department was speaking with Ms. Marian Carpenter, the victim of a hit and run accident, and two witnesses to that accident when he heard over his radio that there had been another accident he believed might be related to the first "due to the time" and proximity. When Officer Wilson arrived at the scene of the second accident he saw a Ford and an Impala with damage consistent with Ms. Carpenter's and the witnesses' descriptions of the hit and run. Defendant, the driver of the Impala, and the driver of the Ford truck were taken to the hospital. Cocaine was found in defendant's car and, upon testing at the hospital, in his blood. The driver of the Ford died from his injuries sustained in the collision. Defendant was indicted for reckless driving, misdemeanor hit and run, murder, and possession of a Schedule II controlled substance. A jury found defendant guilty of second degree murder, misdemeanor hit and run, and possession of cocaine, and the trial court entered judgments.
 
 [1]
 
 Defendant appeals.
 

 II. Photographs
 

 During defendant's trial the State introduced five photographs for illustrative purposes that showed the Impala behind the Ford lined up in the manner that Officer Nicolas Bruining of the Huntersville Police Department believed the accident had occurred. Defendant contends that
 

 the trial court erred by admitting irrelevant and unfairly prejudicial staged photographs of the Impala sedan and the Ford truck that were taken in a gravel parking lot years after the collision and under conditions that were not substantially similar to those existing at the time of the fatal automobile accident.
 

 (Original in all caps.) Defendant argues that
 

 [b]ecause the vehicles were no longer at the scene of the accident and the pictures were made in a gravel parking lot over two years later, the attempt to replicate the moment of impact was an improper demonstration or experiment. [Defendant] ... argued at trial that he did not act with malice.... The trial court's admission of the photographs was prejudicial error because the pictures were this evidence ( [sic] ) strengthened the state's proof of malice.
 

 *705
 
 Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen.Stat. § 8C-1, Rule 401 (2013). "Whether evidence is relevant is a question of law, thus we review the trial court's admission of the evidence
 
 de novo.
 
 Defendant bears the burden of showing that the evidence was erroneously admitted and that he was prejudiced by the error."
 
 State v. Kirby,
 

 206 N.C.App. 446
 
 , 456,
 
 697 S.E.2d 496
 
 , 503 (2010) (citation omitted). " Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen.Stat. § 8C-1, Rule 403 (2013). "Whether or
 
 *574
 
 not to exclude evidence under Rule 403 of the Rules of Evidence is a matter within the sound discretion of the trial court and its decision will not be disturbed on appeal absent a showing of an abuse of discretion."
 
 State v. McCray,
 

 342 N.C. 123
 
 , 131,
 
 463 S.E.2d 176
 
 , 181 (1995).
 

 Officer Bruining testified as an expert witness of crash investigation and reconstruction and explained to the jury, without objection, that the Impala had struck the Ford from behind, and thus the photographs are relevant as they served as a visual aid to Officer Bruining's expert testimony regarding how the accident occurred.
 
 See generally
 
 N.C. Gen.Stat. § 8C-1, Rule 401. Furthermore, the trial court provided a limiting instruction to the jury explaining that the photographs were only allowed for the purpose of illustrating Officer Bruining's testimony, so defendant has not shown any unfair prejudice from the jury's viewing of the photographs.
 
 See generally
 
 N.C. Gen.Stat. § 8C-1, Rule 403. Therefore, this argument is overruled.
 

 III. Officer's Testimony
 

 During defendant's trial, Ms. Carpenter testified that the vehicle that struck her vehicle was a silver four-door compact car; Mr. Frank Fusco, an eyewitness who saw Ms. Carpenter's vehicle get hit, described the offending vehicle as a sedan; and Ms. Lisa Henderson, an eyewitness who saw a vehicle driving the wrong way on the road at issue testified that the vehicle she saw was a light-colored sedan. Over objection, Officer Wilson testified that by taking the eyewitness accounts he came up with a description of the vehicle as a silver late 1990s car, "four-door and possibly a Chevy Malibu or Toyota Camry." Defendant contends that "the trial court erred by allowing an officer to provide a composite description of the car that struck Marian Carpenter's truck, where that description was based on hearsay statements that did not corroborate
 
 *706
 
 the testimony of any of the witnesses who saw the accident." (Original in all caps.) Defendant further argues that the admission of the description was prejudicial as it "tended to link the two accidents, [and] supported the theory that ... [defendant] acted with malice and was guilty of murder as well as the hit-and-run."
 

 "When a defendant objects to the admission of evidence, we consider, whether the evidence was admissible as a matter of law, and if so, whether the trial court abused its discretion in admitting the evidence."
 
 State v. Blackwell,
 

 207 N.C.App. 255
 
 , 257,
 
 699 S.E.2d 474
 
 , 475 (2010) (citation, quotation marks, and brackets omitted). While defendant focuses on hearsay, Officer Wilson's testimony was not offered "to prove the truth of the matter asserted" but merely, as explained to the jury, for corroborative purposes, and thus any hearsay argument is inapplicable.
 
 See generally
 
 N.C. Gen.Stat. § 8C-1, Rule 801 (2011). As to corroboration,
 

 [t]his Court has long held that corroborative means to strengthen; to add weight or credibility to a thing by additional and confirming facts or evidence. It is not necessary that evidence prove the precise facts brought out in a witness's testimony before that evidence may be deemed corroborative of such testimony and properly admissible.
 

 The law does not require that Detective Grant's testimony about [the witness'] statements be in the exact words used by [the witness]. His testimony need only have tended to strengthen and confirm her testimony[.]
 

 State v. Williamson,
 

 146 N.C.App. 325
 
 , 338,
 
 553 S.E.2d 54
 
 , 63 (2001) (citations, quotation marks, and brackets omitted),
 
 disc. review denied,
 

 355 N.C. 222
 
 ,
 
 560 S.E.2d 366
 
 (2002).
 

 Here, Officer Wilson explained to the jury that he came up with a description of the offending vehicle after speaking with three different individuals, and the jury was provided a limiting instruction explaining that Officer Wilson's testimony was to be used "only for the purpose of corroborating the testimony of those other witnesses[.]" Indeed, Officer Wilson's description did corroborate the other witnesses' testimonies as it added "weight" to their testimonies.
 

 Id.
 

 This argument is overruled.
 

 *575
 
 IV. Lay Opinion
 

 Lieutenant Andrew Dempski of the Huntersville Police Department testified over objection that the damage to the back of defendant's vehicle was not caused from the collision with the Ford truck; defendant
 
 *707
 
 argues this implies the damage was caused by the earlier collision with Ms. Carpenter's vehicle. Defendant contends that
 

 the trial court erred by admitting lay opinion testimony of Lieutenant Andrew Dempski that damage to the rear quarter panel of ... [defendant's] car was not caused by the collision with [the Ford] truck, as Dempski was not qualified to give an expert opinion and his testimony was not helpful to the jury.
 

 (Original in all caps.) Again, "[w]hen a defendant objects to the admission of evidence, we consider, whether the evidence was admissible as a matter of law, and if so, whether the trial court abused its discretion in admitting the evidence."
 
 Blackwell,
 

 207 N.C.App. at 257
 
 ,
 
 699 S.E.2d at 475
 
 .
 

 Even assuming
 
 arguendo,
 
 that it was error for Lieutenant Dempski to testify that the collision with the Ford truck was not consistent with the damage on the rear of defendant's vehicle without first being accepted as an expert witness, Officer Wilson testified to the exact same information without objection or argument on appeal. In fact, Officer Wilson went a step further and testified that the damage to the rear of defendant's vehicle was consistent with the description he had been given regarding the accident with Ms. Carpenter. Since another officer testified to the same information without objection, we overrule defendant's argument.
 
 See generally
 

 State v. Hunt,
 

 325 N.C. 187
 
 , 196,
 
 381 S.E.2d 453
 
 , 459 (1989) ("This Court frequently has held that when, as here, evidence is admitted over objection, but the same or similar evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost.")
 

 V. Cumulative Effect
 

 Lastly, defendant contends that "the cumulative prejudice from the trial court's errors in admitting evidence requires a new trial." (Original in all caps.) Since we have found no prejudicial error or no error in the evidence presented, there cannot be any cumulative prejudicial effect, so this argument is without merit.
 

 VI. Conclusion
 

 For the reasons stated above, we find no error in the defendant's trial and convictions.
 

 NO ERROR.
 

 Judges CALABRIA and INMAN concur.
 

 [1]
 

 The trial court dismissed the charge of reckless driving at the close of the State's evidence.