STATE OF NORTH CAROLINA v. JANE BROCK WHALEY

No. 440PA06

(Filed 25 January 2008)

**Evidence— cross-examination—exclusion of testimony and evidence—credibility of victim**

The trial court erred in a simple assault case when it excluded certain testimony and evidence during cross-examination of the victim regarding her written responses to inquiries contained in a questionnaire completed by the victim during a visit to a place called Wellspring in preparation for civil litigation arising from the same alleged assault, including her response that she had difficulty recalling whether certain events actually occurred, and defendant is entitled to a new trial, because: (1) the excluded testimony went to the credibility of the victim and should have been admitted under N.C.G.S. § 8C-1, Rule·611(b), and the trial court abused its discretion by excluding such testimony under N.C.G.S. § 8C-1, Rule 403; (2) although the

State contends the excluded testimony here is insufficient to constitute past mental problems or defects, testimony must be allowed when it may bear upon credibility in other ways, such as to cast doubt upon the capacity of a witness to observe, recollect, and recount; and (3) the victim's testimony was crucial to the State's case, and attacking her credibility represented the primary theory of the defense.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 178 N.C. App. 563, 631 S.E.2d 893 (2006), finding no error in a judgment entered 9 February 2005 by Judge Dennis J. Winner in Superior Court, Polk County. Heard in the Supreme Court 15 October 2007.

*Roy Cooper, Attorney General, by Christopher G. Browning, Jr., Solicitor General, and Elizabeth Leonard McKay, Special Deputy Attorney General, for the State.*

*Long Parker Warren & Jones, P.A., by Robert B. Long, Jr. and William A. Parker; Dameron, Burgin, Parker, Lorenz & Jackson, P.A., by Phillip T. Jackson; and Rabinowitz Boudin Standard Krinsky & Lieberman, P.C., by Eric Lieberman, for defendant-appellant.*

BRADY, Justice.

The sole issue before us is whether the Court of Appeals erred when it concluded the trial court properly excluded certain testimony and evidence during cross-examination intended to call into question the credibility of the victim. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On 19 December 2003, a criminal summons was issued charging defendant, Jane Brock Whaley, with committing simple assault in violation of N.C.G.S. § 14-33(a) in Rutherford County on 24 February 2002. As set out in the criminal summons, the Magistrate found probable cause to believe that defendant "did assault and strike Lacy Wein [the victim] by grabbing her neck, choking her and beating her head against a wall." The charge arose from an incident in which defendant physically touched the eighteen-year-old victim during a confrontation at a church facility. The parties agree that defendant touched the victim, but differ on the extent and nature of the physical contact involved.

**STATE v. WHALEY**

[362 N.C. 156 (2008)]

Defendant was found guilty following a district court bench trial and appealed her conviction to Superior Court for a trial de novo. The case was tried at the 7 February 2005 criminal session of Polk County Superior Court. On direct examination, the victim described the alleged assault and resulting injury. During cross-examination, the jury heard the victim testify that she had visited "a place called Wellspring" in June 2003 in preparation for civil litigation resulting from the same alleged incident, that "[i]t wasn't mental treatment; it was an educational place," and that she spoke with "some form of counselor." The trial court thereafter sustained the State's objection to cross-examination regarding the victim's written responses to inquiries contained in a questionnaire completed by the victim during her visit to Wellspring. Ms. Wein had previously acknowledged her responses to the questionnaire under oath during a deposition taken as part of the parallel civil proceedings. During the subsequent *voir dire*, outside the presence of the jury, the following colloquy ensued between defense counsel and the victim:

> Q. [Defense counsel, reading from the questionnaire] "Some people sometimes have the experience of feeling as though they were standing next to themselves or watching themselves do something, and they actually see themselves as if they were looking at another person. What percentage of the time does this happen to you?" . . . .
>
> . . . .
>
> And I believe your answer there in your handwriting was 50 percent of the time?
>
> A. [Victim] That's what it says, yes.
>
> . . . .
>
> Q. And "Some people have the experience of not being sure whether things that they remember happening really did happen or whether they just dreamed them. What percentage of the time does this happen to you?" . . . .
>
> . . . .
>
> A. Twenty percent.
>
> . . . .
>
> Q. "And some people sometimes feel they hear voices inside their head that tell them to do things or comment on things

that they are doing. What percentage of the time does this
happen to you?" . . . .

A. I wrote 30 percent.

. . . .

THE COURT: What she answered in June 2003 about her
mental state at that time is not relevant to what her mental state
is today, or is it relevant to what her mental state was in February
of 2002. The objection is sustained to all those questions.

The trial court excluded this and similar lines of questioning on
grounds that there was no evidence that the victim actually suffered
from a mental defect and knowledge of the victim's responses would
"put[] the jury in the position of making some diagnosis." The trial
court further stated that "the Court of Appeals may decide that I'm
wrong, although I never related this to Rule 603 [sic]; but the Court
finds it more prejudicial to the State than it is probative, and I'm still
going to exclude it all."

On 9 February 2005, a jury returned a verdict finding defendant
guilty of simple assault and the trial court entered judgment accord-
ingly. The trial court sentenced defendant to a thirty-day term of
imprisonment, suspended for one year with unsupervised probation,
imposed a $468.00 fine, and ordered defendant to pay court costs.

Defendant appealed. On 18 July 2006, the Court of Appeals filed
an unpublished opinion finding no error in defendant's trial. On 3 May
2007, we allowed defendant's petition for discretionary review.

## ANALYSIS

Defendant contends that the excluded testimony went to the
credibility of the victim and should have been admitted under North
Carolina Rule of Evidence 611(b), citing *State v. Williams*, 330 N.C.
711, 412 S.E.2d 359 (1992), in support of that position. We agree and
hold that the trial court abused its discretion in excluding such testi-
mony under Rule 403. *See* N.C.G.S. § 8C-1, Rule 403 (2005).

North Carolina Rule of Evidence 611(b) provides that "[a] wit-
ness may be cross-examined on any matter relevant to any issue in
the case, including credibility." *Id.*, Rule 611(b) (2005). However,
such evidence may nonetheless be excluded under Rule 403 if the
trial court determines "its probative value is substantially out-

weighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.*, Rule 403. We review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion. *State v. Peterson*, 361 N.C. 587, 602-03, 652 S.E.2d 216, 227 (2007) (citing *State v. Al-Bayyinah*, 359 N.C. 741, 747-48, 616 S.E.2d 500, 506-07 (2005), *cert. denied*, 547 U.S. 1076 (2006)). An abuse of discretion results when "the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision. In our review, we consider not whether we might disagree with the trial court, but whether the trial court's actions are fairly supported by the record." *Id.* (citations and internal quotation marks omitted).

In *Williams*, the trial court precluded defense counsel's cross-examination of a key witness about his past suicide attempts, psychiatric history, and drug habit. *See* 330 N.C. at 713, 412 S.E.2d at 361. Although the trial court in that case based its ruling on Rule of Evidence 608(b), governing admissibility of specific instances of conduct bearing on truthfulness or untruthfulness, this Court held "that the trial court erred in excluding [the] evidence because it was admissible impeachment evidence under Rule 611(b)." *Id.* The Court explained:

> Where, as here, the witness in question is a key witness for the State, this jurisdiction has long allowed cross-examination regarding the witness' past mental problems or defects. As stated by Chief Justice Stacy: "The denial of any impeachment [as to mental defects] of the State's only eye-witness . . . necessitates another hearing. It is always open to a defendant to challenge the credibility of the witnesses offered by the prosecution . . . against him." *State v. Armstrong*, 232 N.C. 727, 728, 62 S.E.2d 50, 51 (1950). It is beyond dispute that [the witness'] testimony here was essential to the State's case. No other evidence linked defendant directly to the [crime].

330 N.C. at 723, 412 S.E.2d at 367 (first alteration in original). This Court held the error prejudicial and awarded the defendant a new trial. *Id.* at 713, 412 S.E.2d at 361. Both the holding and the rationale of *Williams* dictate that same result in the instant case.

The State contends, and the trial court reasoned, that *Williams* is inapposite, as the excluded testimony here is insufficient to consti-

tute "past mental problems or defects." *See id.* at 723, 412 S.E.2d at 367. Such a finding is unnecessary, however, as this Court made clear that testimony must be allowed when it "may bear upon credibility in other ways, such as to cast doubt upon the capacity of a witness to observe, recollect, and recount." *Id.* at 719, 412 S.E.2d at 364 (citations and internal quotation marks omitted). The excluded testimony here, specifically the victim's prior indication that she had difficulty recalling whether certain events actually occurred, was exactly such evidence and should have been admitted. When testimony constitutes "the State's sole direct evidence on the ultimate issue, . . . credibility [takes] on enhanced importance." *Id.* at 723-24, 412 S.E.2d at 367 (citation omitted). This statement in *Williams* applies equally to the victim's testimony in the instant case. Moreover, "impeachment [is] particularly critical in light of the testimony of defendant's witnesses that contradicted [the State's evidence]." *Id.* at 724, 412 S.E.2d at 367. In the case at bar, defendant presented testimony of two eyewitnesses contradicting the victim's testimony. Excluding the cross-examination at issue here had "the effect of largely depriving defendant of [her] major defense." *Id.* at 721-22, 412 S.E.2d at 366. As a result, the trial court erred in excluding the disputed line of questioning, and therefore, defendant is entitled to a new trial.

As defendant is entitled to a new trial based on this Court's precedent and the rules of evidence, we need not reach the claim she raises as to her right to confront her accusers under the Confrontation Clauses of the Sixth Amendment to the Constitution of the United States and Article I, Section 23 of the North Carolina Constitution. *State v. Crabtree*, 286 N.C. 541, 543, 212 S.E.2d 103, 105 (1975) ("It is well established that appellate courts will not pass upon constitutional questions, even when properly presented, if there is some other ground upon which the case can be decided . . . ." (citations omitted)).

## CONCLUSION

Both criminal defendants and prosecutors must be afforded wide latitude to cross-examine witnesses as to matters related to their credibility. Under the circumstances presented here, the victim's testimony was crucial to the State's case and attacking her credibility represented the primary theory of the defense. As a result, the trial court abused its discretion in excluding the challenged evidence relevant to the credibility of the victim. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court

with instructions to vacate the trial court's judgment and to further remand this case to that court for a new trial.

REVERSED AND REMANDED; NEW TRIAL.