An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-489

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

STATE OF NORTH CAROLINA

| | |
|---|---|
| v. | Buncombe County |
| | No. 12 CRS 50309 |
| ANGELO FRANK SELLAS | |

Appeal by defendant from judgment entered 18 December 2013 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 24 September 2014.

*Roy Cooper, Attorney General, by Richard Slipsky, Special Deputy Attorney General, for the State.*

*Willis Johnson & Nelson PLLC, by Drew Nelson, for defendant-appellant.*

STEELMAN, Judge.

Where the trial court made findings of fact at the suppression hearing, and these findings were supported by unchallenged evidence and in turn supported the trial court's conclusions of law, the trial court did not err in denying defendant's motion to suppress. The trial court left no material issues unresolved in concluding the suppression

hearing. The trial court did not abuse its discretion in granting the State's motion *in limine* to exclude irrelevant evidence.

## I. Factual and Procedural History

Early in the morning on 8 January 2012, Detective Ben Davidson (Detective Davidson) of the Asheville Police Department was informed by his supervisor that a man had been seen emerging from a local bar, and was possibly impaired. Detective Davidson was given a description of the man, and subsequently saw a man fitting that description. The man was later identified as Angelo Sellas (defendant). Detective Davidson recognized defendant by name from a prior sexual assault investigation. Detective Davidson was not the lead investigator on that case.

Detective Davidson was walking towards his parked patrol vehicle when he saw defendant sitting in the driver's seat of his vehicle. Upon reaching his patrol vehicle, Detective Davidson saw defendant's vehicle drive off. He got behind defendant's vehicle at a red light. When the light turned green, defendant's vehicle remained stopped for the entire light cycle, which Detective Davidson estimated lasted 20 to 40 seconds. Only when the light turned yellow did defendant proceed through the intersection. Detective Davidson later

observed defendant changing lanes into a designated left turn only lane. Defendant did not turn left, but continued straight through an intersection. At trial, defendant testified that he moved into the left turn only lane because there was a parked taxi cab in the right lane. Detective Davidson had no recollection of a cab being in the right lane. He did not recall whether defendant give a turn signal when changing lanes.

Detective Davidson continued following defendant, and observed defendant change lanes at least once without using his turn signal. Detective Davidson also observed defendant weaving within his lane of travel. Detective Davidson called for backup, and pulled defendant over. Officer Jonathan Morgan (Officer Morgan) of the Asheville Police Department, the backup officer, approached defendant's vehicle on the driver's side, and Detective Davidson approached on the passenger side. Officer Morgan smelled a strong odor of alcohol inside defendant's vehicle and on defendant as he exited his vehicle. Defendant's speech was slurred, his eyes were red and glassy, and he admitted that he had been drinking. Without prompting, he offered to perform a field sobriety test. Officer Morgan conducted the field sobriety test. Defendant's eyes did not follow smoothly during the horizontal gaze nystagmus test. The

test revealed all 6 clues indicating impairment. Defendant could not keep his balance, and swayed and leaned during the walk and turn portion of the field sobriety test. Defendant had to use his arms to maintain his balance during the one-legged stand test. Defendant was administered the Alco-sensor breath test twice; both samples were positive for alcohol. Defendant admitted to having consumed four or five drinks.

Defendant was charged with impaired driving and improper use of traffic lanes. Defendant appealed his District Court convictions to Buncombe County Superior Court.

In Superior Court, defendant moved to dismiss, or alternatively to suppress the evidence that resulted from the stop, contending that the stop of his vehicle was not supported by reasonable suspicion and that the arrest was not supported by probable cause. These motions were denied in open court, and memorialized in a written order dated 17 December 2013 and filed 15 January 2014. At trial, the State made a motion *in limine* to limit testimony concerning a prior sexual assault investigation involving defendant. The trial court granted that motion.

On 18 December 2013, the jury found defendant guilty of driving while impaired, and not responsible for the infraction. The trial court sentenced defendant to 60 days imprisonment,

suspended the sentence, placed defendant on unsupervised probation for 12 months, and assessed a $100.00 fine, as well as costs and fees in the amount of $1,886.50.

Defendant appeals.

## II. Findings of Fact

In his first argument, defendant contends that the trial court erred by failing to make findings of fact at the suppression hearing, which resulted in a material dispute not being resolved. We disagree.

## A. Standard of Review

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

## B. Analysis

Defendant contends that the trial court erred by failing to make findings of fact. Defendant gave oral notice of appeal on

18 December 2013. On 15 January 2014, the trial court filed its written order regarding defendant's motion to suppress, which contained detailed findings of fact and conclusions of law. Defendant failed to include a copy of the trial court's written order in the record, and the argument in his brief presumes that this order was never entered. Fortunately, the State filed this order as a supplement to the record pursuant to Rule 9(b)(5)(a) of the North Carolina Rules of Appellate Procedure. Defendant's contention that the trial court failed to enter an order containing findings of fact is without merit.

In its order, the trial court found that: (1) Deputy Davidson saw defendant, who matched the description of a possible intoxicated individual, sometime after 2:00 a.m.; (2) Deputy Davidson observed defendant stop at a stoplight, where defendant remained while it turned green and then yellow; (3) Deputy Davidson observed defendant drive straight through an intersection in a lane clearly designated as a left turn lane; and (4) defendant wove into an adjacent lane of traffic without signaling.

We hold that each of these findings was supported by evidence in the record. These findings, in turn, support the

trial court's conclusion that Deputy Davidson had a reasonable and articulable suspicion for stopping defendant's vehicle.

Defendant argues that the trial court left a material issue unresolved; that being whether there was a parked taxi cab blocking defendant's path, forcing him to change lanes into the left turn lane. The trial court, in its findings, observed that Deputy Davidson "did not recall if there was an obstruction in the lane designated for traffic traveling straight through the intersection[,]" but did not specifically resolve this factual issue. Even assuming *arguendo* that the trial court left this matter unresolved, however, it was not a material issue. There was other evidence that supported the trial court's findings of fact and conclusions of law.

Even assuming that defendant was justified in changing lanes to the left turn lane due to a cab blocking the right lane, the trial court's other, uncontested findings demonstrate that defendant's vehicle sat at a stoplight through the entire green and yellow cycle, and that defendant subsequently changed lanes without giving a turn signal. Our Supreme Court has previously held that either of these constitutes a basis for a reasonable and articulable suspicion sufficient to stop a vehicle. *See State v. Barnard*, 362 N.C. 244, 248, 658 S.E.2d

643, 645-46 (2008) (holding that a thirty-second delay at a stoplight after it has turned green creates reasonable and articulable suspicion); *State v. Styles*, 362 N.C. 412, 416-17, 665 S.E.2d 438, 441 (2008) (holding that changing lanes without signaling creates reasonable and articulable suspicion). Any error in failing to determine whether the right lane was blocked by a parked cab was harmless.

This argument is without merit.

### III. Motion to Exclude

In his second argument, defendant contends that the trial court erred by shifting the burden of persuasion onto the defendant during the State's motion *in limine*. We disagree.

### A. Standard of Review

"We review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion." *State v. Whaley*, 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008).

### B. Analysis

The State made a motion *in limine* to exclude all testimony concerning an investigation into allegations of sexual misconduct against defendant. The State argued that evidence of this investigation would be irrelevant and confusing to the

jury. Defendant contends that the trial court improperly shifted the burden of persuasion on this motion to defendant.

As a general rule, evidence which tends to make the existence of a fact of consequence more or less probable is relevant and admissible. *State v. Huggins*, 338 N.C. 494, 500, 450 S.E.2d 479, 483 (1994) (citing N.C. R. Evid. 401). However, Rule 403 of the North Carolina Rules of Evidence permits a trial court, in its discretion, to exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of . . . confusion of the issues." N.C. R. Evid. 403.

In the instant case, defendant contends that the trial court was confronted with "what appears to be a difficult evidentiary decision." Specifically, defendant notes that, during pre-trial hearings, the trial court had overruled the State's objection to testimony concerning the sexual assault investigation. Subsequently, however, the court granted the State's motion *in limine*, stating, "I'll grant the motion just to be safe." Defendant contends that this statement constituted an abuse of discretion, as a "close call" ruling on the admissibility of relevant evidence – as defendant contends this to be – should fall in favor of admission, not exclusion.

We find defendant's argument unpersuasive. The instant case concerned a charge of driving while impaired. Any evidence of a prior investigation or allegations of sexual misconduct were not relevant. We discern no abuse of discretion in the trial court's decision to exclude this evidence.

This argument is without merit.

NO ERROR.

Judges CALABRIA and McCULLOUGH concur.

Report per Rule 30(e).