CALABRIA, Judge.
Where an officer was asked the reasons for his actions during an investigation, his response did not constitute improper opinion testimony, and the trial court did not err in overruling defendant's objection. Where defendant failed to renew his motion to stipulate to prior felony convictions, and to preclude the State from admitting evidence thereof, that argument was not properly preserved, and is dismissed. Where the State made a single objectionable comment in an extensive closing argument, that closing argument as a whole was not so grossly improper that the trial court erred in failing to intervene ex mero motu . Where defendant helped to construct the jury's instruction on first-degree murder and declined to request an instruction on second-degree murder, defendant invited error, and will not be heard to complain of it on appeal. Alternatively, where defendant failed to object to an allegedly erroneous jury instruction, and failed to argue plain error on appeal, he has waived review of the issue. We find no error in part, and dismiss in part.
I. Factual and Procedural Background
Zhen Bo Liu ("Liu") was a delivery driver for the China King restaurant in Wilmington, North Carolina. On 14 June 2012, Liu made a delivery to an abandoned house. Cornell D. Haugabook, Jr. ("defendant"), with six others, had placed the order with the intent of ambushing and robbing Liu. When Liu arrived, defendant and one of his accomplices, Mustafaa Friend ("Friend"), approached Liu's vehicle. A gun was fired, and Liu passed the food through the car window. Defendant drew a firearm, and shot Liu before Liu could get out of the vehicle. Defendant and his accomplices took food and money from Liu and fled the scene, returning to the home of one of them, and Friend and another counted the money taken from Liu during the encounter. Later, two of the accomplices returned to Liu's car, took Liu's cellular phone, car keys, and a pack of cigarettes, and threw the phone and keys away.
Liu's employer and friend, Ting Ngai Cheung ("Cheung"), became concerned when Liu failed to return from his delivery. Cheung went out to the delivery address, and found Liu bloody and unresponsive. Robert Matheson ("Matheson"), a paramedic, arrived and found Liu dead.
Defendant was indicted for possession of a firearm by a convicted felon; conspiracy to commit robbery with a dangerous weapon; discharging a weapon into occupied property inflicting serious bodily injury; first-degree murder; and robbery with a dangerous weapon. Pursuant to a pre-trial hearing, the trial court determined that defendant was mentally retarded and proceeded with the case as a non-capital murder trial. The trial court returned verdicts finding defendant guilty on all counts. With respect to first-degree murder, the jury found defendant guilty based both upon premeditation and deliberation, and upon the felony murder rule, with both discharging a weapon and robbery as underlying felonies. The trial court sentenced defendant to life imprisonment without parole for first-degree murder. Additionally, the trial court sentenced defendant to a minimum of 73 months and a maximum of 100 months' imprisonment for robbery, and a minimum of 83 months and a maximum of 112 months' imprisonment for discharging a weapon, conspiracy, and possession of a firearm. These sentences were to run consecutively, in the custody of the North Carolina Department of Adult Correction.
Defendant appeals.
II. Lay Opinion Testimony
In his first argument, defendant contends that the trial court erred in admitting lay opinion testimony as to defendant's guilt. We disagree.
A. Standard of Review
"[W]hether a lay witness may testify as to an opinion is reviewed for abuse of discretion." State v. Washington , 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000), disc. review denied , 353 N.C. 396, 547 S.E.2d 427 (2001). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).
B. Analysis
Defendant contends that, at trial, Detective Lee Odham ("Det. Odham"), an officer with the Wilmington Police Department, improperly expressed a lay opinion as to defendant's guilt, and that the trial court erred in overruling defendant's objection. Defendant specifically refers to the following exchange:
Q. Now, ultimately, you arrested how many people as it related to the crime that occurred on June 14, 2014, Detective?
A. Four for the robbery and murder of Mr. Liu, and two for the subsequent robbery of Mr. Liu, which was not involved in the shooting, it was the robbery that occurred after Mr. Liu had already been robbed and shot.
Q. And you say four people. Why did you charge four people with the murder?
A. Because four of the individuals, Rasheed Thompson, Manije Johnson, the defendant, and Mustafaa Friend, all joined forces, collaborated and conspired-
MS. HARJO: I'm going to object.
THE COURT: Overruled.
A.-and conspired to commit a robbery against Mr. Liu, and during that robbery Mr. Liu was killed. And it was my decision to charge them with murder based on the robbery that led to the murder.
Pursuant to Rule 701 of the North Carolina Rules of Evidence, ordinarily, the opinion testimony of a witness not testifying as an expert "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C.R. Evid. 701. However, our Courts have held that where a law enforcement officer is testifying with respect to police procedure, instead of offering a legal opinion, that testimony does not run afoul of Rule 701. See State v. Anthony , 354 N.C. 372, 408, 555 S.E.2d 557, 581-82 (2001) (holding that an officer's use of the legal term "violate a restraining order" was not improper lay opinion testimony because he "was not providing an interpretation of the law[,]" but rather "was offering an explanation of his actions"); State v. Cole , 209 N.C. App. 84, 94-95, 703 S.E.2d 842, 849 (noting that "[t]he detective was testifying about police procedure, not giving a legal conclusion as defendant asserts"), appeal dismissed, disc. review denied , 365 N.C. 197, 709 S.E.2d 922 (2011).
In the instant case, Det. Odham was asked why he charged four people with the murder of Liu. Det. Odham responded to explain his actions. Although his use of the legal terms "collaborated and conspired" may suggest an improper lay opinion, it is clear that this testimony was introduced solely to explain the basis for Det. Odham's arrest of four individuals for the murder. The trial court thus did not err in overruling defendant's objection to this testimony.
III. Stipulation
In his second argument, defendant contends that the trial court erred in declining to accept his stipulation as to his prior felony convictions, and in permitting the State to introduce evidence thereof. Because this argument was not properly preserved, we dismiss it.
A. Standard of Review
"We review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion." State v. Whaley , 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008).
B. Analysis
Defendant contends that, at trial, he expressed a desire to stipulate to his prior felony convictions, in order to preclude the State from introducing prejudicial evidence thereof. He contends that the trial court erred in denying his stipulation, and permitting the State to introduce evidence of his prior convictions.
In its pre-trial motion, defense counsel acknowledged that defendant "would be willing to stipulate to the fact that he has a prior adult felony conviction, which is something the State is required to prove in order for him to be found guilty." Defense counsel further argued that, "with that stipulation, then the Court in its discretion could prohibit that information from entering into the trial of this case." In response, the State cited case law that permitted the State to present evidence of prior felony convictions. The trial court agreed with the State, noting that "[i]t is a burden on [the State] to prove it, and that enures [sic] to the benefit of the defendant. ... Also, even when I start talking to the jury about the charges, I mean, I'm going to instruct them that he's charged with possession of firearm by a felon and it's a question that they go through the whole trial without, you know, addressing." The trial court thus denied defendant's pre-trial motion.
Our Supreme Court has held, however, that "a trial court's evidentiary ruling on a pretrial motion is not sufficient to preserve the issue of admissibility for appeal unless a defendant renews the objection during trial." State v. Oglesby , 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007). Thus, defendant may only argue this issue if he renewed it via subsequent objection during trial.
While defendant did object to the State's subsequent introduction of his prior felony convictions, we note that this objection differed from his pre-trial motion. During the State's direct examination of Det. Odham, the State prepared to introduce a prior conviction on a charge to which defendant had pleaded no contest. Defendant objected, arguing that the document "appears that it's insufficient to show that [defendant] was convicted of a crime which would be an adult conviction if committed in the State of North Carolina." Rather than making an immediate decision, the trial court dismissed the jury for the day and took the matter under advisement. The trial court heard further arguments by the parties the next day, and defendant once again argued that the conviction, which applied Florida law, was not a valid adult conviction under North Carolina law. The trial court ultimately decided to admit the conviction, although defendant noted the objection for the record, specifying that "I would suggest there is nothing akin to [the conviction] in North Carolina[.]"
Defendant then raised an additional objection. Defendant noted that the indictment charged defendant with "being a felon in possession of a firearm, being a .22 caliber revolver, and it says that he was in possession of it in violation of law because he had previously been convicted of grand theft of a firearm," and that the documents the State presented to the trial court included "documents that are not probative of the issue[,]" namely convictions in addition to grand theft of a firearm. Defendant therefore moved that only one conviction, as opposed to the three presented by the State, be admitted. Specifically, defense counsel argued, "I think we only need one conviction, we don't need three convictions." The trial court sustained this objection, and ruled that only the one conviction mentioned in the indictment could be introduced or mentioned.
Neither of these two arguments-that defendant's prior convictions did not correspond with North Carolina adult offenses, nor that they went beyond the scope of the indictment-refers back to the language of defendant's pre-trial objection, requesting that defendant be permitted to stipulate, and that the State be thus precluded from introducing evidence of defendant's prior convictions. Further, defense counsel invited the trial court to admit evidence of the one prior conviction. We hold, therefore, that defendant failed to renew this objection during trial. As such, we hold that defendant's pre-trial motion was not properly preserved. This argument is therefore dismissed.
IV. Improper Closing Arguments
In his third argument, defendant contends that the trial court erred in failing to intervene ex mero motu during the State's allegedly improper closing arguments. We disagree.
A. Standard of Review
The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene ex mero motu . In other words, the reviewing court must determine whether the argument in question strayed far enough from the parameters of propriety that the trial court, in order to protect the rights of the parties and the sanctity of the proceedings, should have intervened on its own accord and: (1) precluded other similar remarks from the offending attorney; and/or (2) instructed the jury to disregard the improper comments already made.
State v. Jones , 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002) (citation omitted).
In determining whether argument was grossly improper, this Court considers "the context in which the remarks were made," State v. Green, 336 N.C. 142, 188, 443 S.E.2d 14, 41, cert. denied, 513 U.S. 1046 (1994), as well as their brevity relative to the closing argument as a whole, see State v. Fletcher, 354 N.C. 455, 484-85, 555 S.E.2d 534, 552 (2001) (reasoning that when "[t]he offending comment was not only brief, but ... was made in the context of a proper ... argument," it was not grossly improper), cert. denied, 537 U.S. 846 (2002).
State v. Taylor , 362 N.C. 514, 536, 669 S.E.2d 239, 259 (2008).
B. Analysis
In its closing argument, the State made passing reference to the fact that defendant had previously been convicted of stealing a gun. Defendant did not object. Defendant now contends that this isolated reference, however, was "grossly improper[.]"
The State's closing argument spanned roughly thirty-eight pages of transcript. The portion of this argument to which defendant objects is a single sentence, in which the State observed, "Because when you leave [witnesses] around you get convicted of felonies, like [defendant]'s been convicted of stealing a gun before." Considering this isolated remark in the context in which it was made, and its brevity relative to the argument as a whole, we do not find that it was so grossly improper that the trial court erred in failing to intervene ex mero motu .
V. Lesser-Included Offense
In his fourth argument, defendant contends that the trial court erred in declining to instruct the jury on the lesser-included offense of second-degree murder. However, because defendant invited this error, or at the very least failed to argue plain error, we decline to hear defendant's arguments, and dismiss with respect to this issue.
A. Standard of Review
"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." State v. Millsaps , 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).
B. Analysis
Defendant contends that the trial court erred in denying defendant's motion to instruct the jury on the lesser-included offense of second-degree murder. Defendant cites to the transcript, in which the trial court observes, "we've had a conference concerning the final instructions, and the-[defense counsel]'s objection is she would like a charge on second degree murder, which the Court has denied[.]" However, defendant's actual request for an instruction on second-degree murder is absent from the record. Rather, at the outset of the jury charge conference, the State observed that "[w]e don't believe that there has been any evidence of second degree or voluntary manslaughter, and we believe it's an all-or-nothing verdict sheet as to that charge [of murder]." The trial court asked whether defense counsel agreed with that assessment, to which defense counsel responded, "I think that if the Court is going to give the jury an option, it should say guilty or not guilty of first degree murder." Defense counsel went on to suggest that the verdict sheet include the choices of either first-degree murder based upon premeditation and deliberation, first-degree murder pursuant to the felony murder rule, or not guilty of first-degree murder. Subsequently, defendant further requested an instruction on accessory after the fact, which was denied, and acting in concert, which was allowed.
" 'A criminal defendant will not be heard to complain of a jury instruction given in response to his own request.' " State v. Wilkinson , 344 N.C. 198, 213, 474 S.E.2d 375, 383 (1996) (quoting State v. McPhail, 329 N.C. 636, 643, 406 S.E.2d 591, 596 (1991) ). In the instant case defense counsel actually agreed to and helped to construct the verdict sheet which only included the choices of finding defendant guilty of first-degree murder based upon premeditation and deliberation, guilty of first-degree murder pursuant to the felony murder rule, or not guilty of first-degree murder. We hold that this constitutes invited error. "Since [defendant] asked for the exact instruction that he now contends was prejudicial, any error was invited error. Therefore, this assignment is without merit and is overruled." Wilkinson , 344 N.C. at 214, 474 S.E.2d at 383 (citations and quotation marks omitted). Because this constitutes invited error, defendant has waived review of this issue.
Even assuming arguendo that this did not constitute invited error, it was not preserved by objection in the record. As such, it could only be reviewed for plain error. Defendant does not, however, argue plain error in his brief. We hold, therefore, that defendant has waived plain error review of this issue. See State v. Joyner , --- N.C. App. ----, ----, 777 S.E.2d 332, 335 (2015) (holding that "since defendant failed to specifically and distinctly allege plain error in his brief, he waived his right to have this issue reviewed under that standard"). Thus, even if defendant had not waived review of this issue by inviting error, he has waived review by failing to specifically and distinctly allege plain error.
NO ERROR IN PART, DISMISSED IN PART.
Report per Rule 30(e).
Judges INMAN and ZACHARY concur.