IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-367

Filed 4 February 2026

Guilford County, Nos. 23CR356924-400; 24CR039924-400

STATE OF NORTH CAROLINA

       v.

CARMAINE DEVON PRIDE

Appeal by Defendant from judgment entered 12 July 2024 by Judge Stephanie L. Reese in Guilford County Superior Court. Heard in the Court of Appeals 13 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Phillip H. Liles, for the State-Appellee.*
>
> *Lebedev Law Services, by Anton M. Lebedev, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Carmaine Devon Pride appeals from judgment entered upon a jury verdict of guilty of possession of a firearm by a felon and his subsequent guilty plea to having attained habitual-felon status. Defendant argues that the trial court erred by denying his motion to dismiss for insufficient evidence and excluding an airsoft gun from evidence. Defendant also argues that N.C. Gen. Stat. § 14-415.1 is facially unconstitutional. We find no error.

## I. Background

The evidence at trial tended to show the following: In the early morning hours of 12 July 2023, Defendant returned to the home he shared with his girlfriend, Natasha Smith, and her children. An argument ensued outside the residence. Natasha's cousin, Tabitha, who lived two doors down, heard the commotion and saw Defendant striking Natasha. When Tabitha intervened, Defendant pushed her and smashed her cell phone.

After Defendant left in a burgundy Mazda, Tabitha returned home. Approximately ten minutes later, Defendant returned to Tabitha's residence and banged on her door. Tabitha saw Defendant through her screen door holding "something in his hand" while yelling at her to come outside. She called 911. When officers from the High Point Police Department arrived at the scene, including Officer R. Wardlaw, she told him she called 911 and said, "There's somebody at my door with a gun." Tabitha gave police Ring doorbell camera footage. Officer Wardlaw identified Defendant as the individual seen on the Ring camera footage at Tabitha's door.

No firearm was recovered. Natasha testified for the defense. She testified that her son owned an airsoft gun that was kept in her bedroom, but that she had never seen Defendant with it. The trial court excluded the airsoft gun from evidence when Defendant sought to introduce it.

The jury found Defendant guilty of possession of a firearm by a felon. Defendant admitted habitual-felon status. The trial court sentenced him to 130-168 months in prison. Defendant appealed.

## II. Discussion

### A. Sufficient evidence

Defendant first argues that the trial court erred by denying his motion to dismiss the possession of a firearm charge for insufficient evidence.

On a motion to dismiss for insufficient evidence, the question is whether, viewed in the light most favorable to the State, there is substantial evidence of each element and of defendant as the perpetrator. *State v. Benson*, 331 N.C. 537, 544 (1992). Contradictions in testimony are for the jury, not the court, to resolve. *Id.* Circumstantial evidence may suffice even if it does not exclude every hypothesis of innocence. *State v. Stone*, 323 N.C. 447, 452 (1988). "[W]e review the denial of a motion to dismiss de novo." *State v. Golder*, 374 N.C. 238, 250 (2020) (citation omitted).

To survive a motion to dismiss a possession of a firearm by a felon charge, the State must present sufficient evidence of a prior felony conviction and possession of a firearm thereafter. N.C. Gen. Stat. § 14-415.1 (2023). Defendant stipulated to the prior felony.

Tabitha saw Defendant through her screen door holding "something in his hand" while yelling at her to come outside. She told Officer Wardlaw that she called 911 and said, "There's somebody at my door with a gun." Tabitha gave police Ring doorbell camera footage. Officer Wardlaw identified Defendant as the individual seen on the Ring camera footage at Tabitha's door. The jury viewed the video twice during

deliberations, including once in slow motion. From Tabitha's statements, the video, and the surrounding circumstances, a reasonable juror could infer Defendant possessed a firearm.

Defendant argues that the State failed to exclude the possibility that he held an airsoft gun. But the State need not disprove every speculative alternative. *State v. Fritsch*, 351 N.C. 373, 379 (2000). Moreover, Natasha testified that Defendant left in his Mazda after the initial confrontation and did not return to the home before appearing at Tabitha's door. She also testified she had never seen Defendant possess the airsoft gun.

Viewed in the light most favorable to the State, the evidence was sufficient to support the possession of a firearm by a felon charge. The trial court properly denied the motion to dismiss.

## B. Exclusion of evidence

Defendant next argues that the trial court abused its discretion by excluding the airsoft gun from evidence.

We review relevancy determinations with deference, *State v. Triplett*, 368 N.C. 172, 175 (2015), and Rule 403 rulings for abuse of discretion, *State v. Whaley*, 362 N.C. 156, 160 (2008).

Evidence is relevant if it has "any tendency" to make a consequential fact more or less probable. N.C. Gen. Stat. § 8C-1, Rule 401 (2023). Relevant evidence is admissible unless rendered inadmissible by the Rules of Evidence. *Id.* § 8C-1, Rule

402 (2023). Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* § 8C-1, Rule 403 (2023).

Natasha testified that the airsoft gun belonged to her son and was kept in her bedroom. She also testified that she had never seen Defendant possess it. There was no evidence Defendant returned to the home to retrieve that airsoft gun before appearing at Tabitha's door.

Given the absence of evidence connecting Defendant and the airsoft gun, the trial court could reasonably have concluded that the exhibit did not make any fact of consequence more or less probable and thus did not err by excluding it as irrelevant.

Furthermore, even if marginally relevant, the trial court could reasonably have concluded that its probative value was substantially outweighed by the risk of confusing the issues by inviting the jury to speculate about an object with no evidentiary link to Defendant. *See* N.C. Gen. Stat. § 8C-1, Rule 403. Accordingly, the trial court did not abuse its discretion by excluding it.[1]

## C. Constitutionality of N.C. Gen. Stat. § 14-415.1

---

[1] Defendant has moved this Court to examine the original airsoft gun. We deny Defendant's motion.

Finally, Defendant argues that N.C. Gen. Stat. § 14-415.1 is facially unconstitutional under the Second Amendment and Article I, Section 30 of the North Carolina Constitution.

We review constitutional questions de novo. *State v. Grady*, 372 N.C. 509, 521 (2019).

Our Court recently upheld section 14-415.1 as facially constitutional under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). *See State v. Nanes*, 297 N.C. App. 863, 866 (2025). We are bound by that decision, *see In re Civil Penalty*, 324 N.C. 373, 384 (1989), and continue to hold that section 14-415.1 is facially constitutional under both the United States and the North Carolina Constitutions.

## III.    Conclusion

The State presented sufficient evidence that Defendant possessed a firearm, and the trial court acted within its discretion in excluding the airsoft gun. Binding precedent forecloses Defendant's constitutional challenge. Accordingly, we find no error.

NO ERROR.

Judges ZACHARY and CARPENTER concur.