STATE OF NORTH CAROLINA v. STACY ADJA WELLS

No. COA08-1310

(Filed 21 April 2009)

## 1. Criminal Law— flight—instruction supported by evidence

The trial court did not commit plain error by giving an instruction on flight where the evidence showed that defendant left the scene of a shooting, drove to his mother's house, hid the handgun on his mother's property, did not respond to knocks on the door by deputy sheriffs, and did not speak with law enforce-

---

ment until his mother came home. The evidence was sufficient to support an instruction on flight.

## 2. Sentencing— prior record level—convictions serving as basis for habitual felon status—excluded

A sentence for armed robbery as a prior record level IV was remanded where defendant was also sentenced as being an habitual felon. With the three convictions that provided the basis for the habitual felon status being excluded, the prior record level should have been III.

Appeal by defendant from judgments entered on 8 May 2008 by Judge Kenneth Crow in Sampson County Superior Court. Heard in the Court of Appeals 23 March 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Francis W. Crawley, for the State.*

*Haral E. Carlin for defendant-appellant.*

STEELMAN, Judge.

Where sufficient evidence was shown that defendant fled the scene of a crime to avoid apprehension, a jury instruction on flight was properly given. Where defendant pled guilty to habitual felon status, the trial court was required to sentence defendant as an habitual felon on the charge of assault with a deadly weapon with intent to kill inflicting serious injury.

## I. Factual and Procedural Background

On 2 May 2007, Venor Webb (Webb) went to visit friends at a mobile home park. Webb had previously lived at the mobile home park in a trailer owned and occupied by Ernestine Cash (Cash). Stacy Adja Wells (defendant) moved in with Cash after Webb moved out of the trailer at the end of April 2007. Neither Cash nor defendant were at home when Webb arrived, so he sat in Cash's Ford Escort (Escort) parked in her backyard. Defendant and Cash eventually arrived in Cash's Lexus. Cash and defendant exited the Lexus and went into Cash's trailer through the back door. Approximately two minutes later, Webb heard the back door of the trailer close and saw defendant coming toward the Escort. Defendant stood beside the Escort and fired a handgun five or six times into the passenger side of the car. Defendant then got into the Lexus and drove off. Webb, who sus-

tained multiple gunshot wounds to his abdominal area, was transported to a hospital.

The next day, detectives with the Sampson County Sheriff's Department collected evidence at the scene and went to defendant's mother's home to locate defendant. The detectives knocked on the front and back doors, but no one answered. The detectives waited a few minutes in the front yard and then telephoned defendant's mother at her workplace. After defendant's mother came home and went inside, defendant surrendered. Detectives took defendant into custody and advised defendant of his *Miranda* rights. Defendant subsequently waived his *Miranda* rights and admitted to the detectives that he shot Webb. Detectives later returned to defendant's mother's house and, with permission to search the premises, recovered a handgun from a pump house on the property.

Defendant was charged with eight substantive offenses in three separate indictments. In case number 07 CRS 51473, defendant was indicted for attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, and discharging a firearm into occupied property. In case number 07 CRS 4381, defendant was indicted for possession of a firearm by a convicted felon. In case number 08 CRS 1094, defendant was indicted for four counts of discharging a firearm into occupied property. In three indictments designated as "ancillary" indictments, defendant was charged with having attained the status of habitual felon.

A jury found defendant guilty of attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, possession of a firearm by a convicted felon, and of three counts of discharging a firearm into occupied property. Defendant subsequently pled guilty to having attained the status of habitual felon.

The trial judge entered four judgments imposing active prison terms as follows: (1) for attempted first-degree murder and habitual felon based upon one count of discharging a firearm into occupied property, 251-311 months; (2) for assault with a deadly weapon with intent to kill inflicting serious injury, 133-169 months; (3) for habitual felon based upon one count of possession of a firearm by a felon, 93-121 months; and (4) for two counts of habitual felon based on two counts of discharging a firearm into occupied property, 93-121 months. Judgments (2) and (3) were to run at the expiration of judgment (1).

Defendant appeals.

## II. Flight Instruction

**[1]** In his first argument, defendant contends the trial court erred by instructing the jury on flight. Defendant did not object to the trial court's instructions, and therefore, asks this Court to review for plain error. We disagree.

Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)(quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)). Defendant, therefore, "must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993)(citation omitted).

"A flight instruction is proper '[s]o long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged. . . .' " *State v. Norwood*, 344 N.C. 511, 534, 476 S.E.2d 349, 359 (1996) (quoting *State v. Irick*, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977)), *cert. denied*, 520 U.S. 1158, 137 L. Ed. 2d 500 (1997). "Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension." *State v. Thompson*, 328 N.C. 477, 490, 402 S.E.2d 386, 392 (1991).

The evidence shows that defendant left the scene of the shooting, drove to his mother's house, hid the handgun on his mother's property, did not respond to knocks on the door by deputy sheriffs while he was inside his mother's house, and did not speak with law enforcement until his mother came home. We hold this evidence sufficient to support the instruction on flight. *See State v. Eubanks*, 151 N.C. App. 499, 503, 565 S.E.2d 738, 741 (2002) (holding evidence was sufficient to support instruction on flight when the defendant left the scene without rendering aid or assistance to the victim, he disposed of the weapon, and he "did not voluntarily contact the police or turn himself into the police[,] but" merely cooperated with the police once contacted). Defendant has not shown error much less plain error in the trial court's flight instruction. This argument is without merit.

### III. Conviction for Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury

[2] In his second argument, defendant contends the trial court erred in sentencing him for the assault with a deadly weapon conviction under structured sentencing to 133-169 months as a Class C felon with a record level IV. Defendant asserts, and the State agrees, that the trial court was required to sentence him as an habitual felon pursuant to N.C. Gen. Stat. § 14-7.2 and 14-7.6. We agree.

The Habitual Felons Act, contained in Article 2A of Chapter 14, North Carolina General Statutes, specifies that when a defendant has previously been convicted of or pled guilty to three non-overlapping felonies, defendant may be indicted by the State in a separate bill of indictment for having attained the status of being an habitual felon. *State v. Murphy*, 193 N.C. App. 236, 237, 666 S.E.2d 880, 882 (2008).

The punishment for habitual felons is set out in Section 14-7.2 and provides, in pertinent part:

> When any person is charged by indictment with the commission of a felony under the laws of the State of North Carolina and is also charged with being an habitual felon as defined in G.S. 14-7.1, he must, upon conviction, be sentenced and punished as an habitual felon. . . .

N.C. Gen. Stat. § 14-7.2 (2008). Section 14-7.6 further provides:

> When an habitual felon as defined in this Article commits any felony under the laws of the State of North Carolina, the felon must, upon conviction or plea of guilty under indictment as provided in this Article . . . be sentenced as a Class C felon.

N.C. Gen. Stat. § 14-7.6 (2008).

The jury found defendant guilty of the assault charge, and defendant pled guilty to having attained habitual felon status. Under the provisions of N.C. Gen. Stat. § 14-7.2 and 14-7.6, the trial court was required to sentence defendant as an habitual felon. *See* N.C. Gen. Stat. § 14-7.5 (2008); *Murphy*, 193 N.C. App. at 237, 666 S.E.2d at 883. (once jury returns a verdict of guilty that defendant has attained the status of an habitual felon, then the court must sentence defendant as an habitual felon pursuant to N.C. Gen. Stat. § 14-7.2).

Under the provisions of N.C. Gen. Stat. § 14-7.6, for purposes of sentencing as an habitual felon, the three prior felony convictions,

N.C. FARM BUREAU MUT. INS. CO. v. MORGAN

[196 N.C. App. 503 (2009)]

which provide the basis for a defendant's habitual felon status, may not be counted in determining defendant's prior record level. In this case, the trial court sentenced defendant on the charge of assault with a deadly weapon with intent to kill inflicting serious injury as a prior record level IV, based upon fourteen felony sentencing points. When the convictions for the three felonies that were the basis for defendant's habitual felon status are removed, defendant has only eight felony sentencing points and would be a prior record level III.[1]

No error in part; sentence in file number 07 CRS 51473 for assault with a deadly weapon with intent to kill inflicting serious injury is vacated and remanded for resentencing in accordance with this Opinion.

NO ERROR as to judgments for attempted murder and three counts of habitual felon status.

VACATED and REMANDED as to conviction for assault with a deadly weapon with intent to kill inflicting serious injury.

Judges HUNTER, ROBERT C. and JACKSON concur.

---

1. Under the provisions of G.S. 14-7.6, a defendant convicted of a Class A, B1 or B2 felony is not sentenced as a Class C felon even though guilty of being an habitual felon.