STATE OF NORTH CAROLINA v. JEREMIAH BATCHELOR, III, Defendant

No. COA09-366

(Filed 2 March 2010)

## 1. Evidence— hearsay—right to confrontation—no error

The trial court did not err in allowing into evidence a police officer's testimony that an informant told the officer to approach defendant to make a drug buy because the officer's testimony was not offered for the truth of the matter asserted: that defendant was a drug dealer. The testimony was not inadmissible hearsay and did not violate defendant's Sixth Amendment right to confrontation.

## 2. Evidence— character evidence—plain error—failure to show prejudice

The trial court did not commit plain error in allowing a police detective to testify that defendant was a "known drug dealer[.]" Even assuming *arguendo* that the testimony was inadmissible character evidence under N.C.G.S. § 8C-1, Rule 404(a), defendant failed to show "that absent the error, the jury probably would have reached a different result."

## 3. Identification of Defendants— in-court—failure to show prejudice

The trial court did not commit plain error by allowing a police officer's in-court identification of defendant where two other police detectives identified defendant as the individual from whom the police officer received crack cocaine.

## 4. Constitutional Law— effective assistance of counsel—failure to show prejudice

Defendant's argument that he did not receive effective assistance of counsel was overruled as defendant failed to demonstrate that, but for his counsel's alleged errors, there was a reasonable probability that there would have been a different result in the proceedings.

Appeal by defendant from judgment entered on or about 2 October 2008 by Judge Ronald L. Stephens in Superior Court, Person County. Heard in the Court of Appeals 16 September 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General James M. Stanley, Jr., for the State.*

*S. Hannah Demeritt, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of possession with intent to sell and deliver cocaine and the sale of cocaine. Defendant appeals, arguing he must receive a new trial as the trial court erred in (1) admitting hearsay evidence regarding defendant being a drug dealer, (2) allowing character evidence regarding defendant being a drug dealer, and (3) allowing a tainted in-court identification of defendant. Defendant also claims ineffective assistance of counsel. For the following reasons, we find no prejudicial error.

## I. Background

The State's evidence tended to show that on 22 March 2007, Detective Mark Massey, formerly a narcotics investigator with the Roxboro Police Department, was observing a controlled buy involving defendant and Deputy James Shell, formerly of the Yanceyville Police Department. The controlled buy was done by getting information from an informant and "hav[ing] an undercover officer who goes and purchases the crack or whatever drug it be from the actual seller." Deputy Shell's informant told him he "recognized someone" at a car wash. The informant approached defendant's vehicle and then returned to Deputy Shell and told him they needed to come back in a minute. Deputy Shell and the informant went through the Timberland Motel parking lot and then returned to the car wash where defendant was waving at them. Deputy Shell approached defendant's vehicle and requested $50.00 worth of crack cocaine. Defendant took some crack cocaine from the driver's side floorboard and gave it to Deputy Shell in exchange for the $50.00.

On or about 14 November 2007, defendant was indicted for possession with intent to sell and deliver cocaine and selling and delivering cocaine. On or about 2 October 2008, the jury found defendant guilty on both charges. Defendant was sentenced to a minimum of 20 months and a maximum of 24 months imprisonment. Defendant appeals, arguing he must receive a new trial as the trial court erred in (1) admitting hearsay evidence regarding defendant being a drug dealer, (2) allowing character evidence regarding defendant being a drug dealer, and (3) allowing a tainted in-court identification of

defendant. Defendant also claims ineffective assistance of counsel. For the following reasons, we find no prejudicial error.

## II. Hearsay and the Confrontation Clause

**[1]** Defendant first argues that when

the trial court allowed Officer Shell to testify that the informant told him to approach . . . [defendant] to make a drug buy; in the context of the other evidence offered at trial, this testimony amounted to Shell testifying that the informant said that . . . [defendant] was a drug dealer. Instead of having the informant testify, the State had the officer testify about what the anonymous informant allegedly said to him. The admission of this testimonial hearsay violated the North Carolina Rules of Evidence and . . . [defendant]'s rights under the 6th Amendment to the United States Constitution.

Defendant refers us to the following testimony by Deputy Shell:

Q. Now, if you could, set the scene for the jury that day and kind of tell what happened leading up to your encounter?

A. On this day I was driving my vehicle assigned to me by my department. I was riding around with an informant attempting to locate persons known to sell controlled substances.

. . . .

Q. Now, Officer, tell me exactly how you proceeded that day.

A. Um, after we done our preliminary interdiction with the informant, decided the location that we was going to attempt to target and then assigned which officer was going to be in which vehicle and how to proceed, I left our meeting location with the informant. I rode around checking the locations that we had discussed, one being the Colony car wash. As we was passing by the Colony car wash, my informant advised—

MR. BRADSHER: Objection.

THE COURT: Overruled. Go ahead.

A. The informant stated, um, they recognized someone there at the car wash. I pulled into the car wash. My informant got out and spoke with the [defendant] for a minute or so, come back to the vehicle. They said that we would need to come back in a minute.

. . . .

Q. And then you were asked to fill out an after action report?

A. Yes.

Q. And you put a name in the after action report, didn't you?

A. Yes.

Q. Somebody gave you that name, didn't they?

A. Yes.

Q. Who was that person?

A. The informant.

Q. And you had no way of knowing at that point whether that was true or not?

A. I did not, but the surveilling officer was familiar with him.

Even assuming *arguendo* defendant properly preserved the confrontation and hearsay issues for appeal *and* should receive *de novo* review as he argues, the statements were not hearsay and did not violate the Confrontation Clause because they were not offered for their truth: that defendant was a drug dealer. *See* N.C. Gen. Stat. § 8C-1, Rule 801; *State v. Wiggins*, 185 N.C. App. 376, 384, 648 S.E.2d 865, 871 (citation omitted), *disc. review denied*, 361 N.C. 703, 653 S.E.2d 160 (2007), —— N.C. ——, 674 S.E.2d 421 (2009). Hearsay statements may violate the Sixth Amendment right to confrontation if offered for their truth. *See Wiggins* at 376, 384 S.E.2d at 871. In *State v. Leyva,* the

> [d]efendant argues that the admission of Detective Whitzel's testimony about the information given to Detective Almond by the confidential informant violated [the] defendant's Sixth Amendment rights and constitutes plain error. . . . However, [the] defendant incorrectly categorizes the evidence as testimonial. Here, the evidence was introduced to explain the officers' presence at Salsa's Restaurant that night, not for the truth of the matter asserted. . . .

> A later witness, Detective Briggs, testified that he participated in the surveillance of defendant's apartment at the request of Detective Almond, which request was founded on information provided by the  confidential informant. When asked to explain why he was outside defendant's home, Detective Briggs responded that, 'On that day, I was given information by Detective Almond that this subject was going to deliver a half kilo to

STATE v. BATCHELOR

[202 N.C. App. 733 (2010)]

Detective Little and a confidential informant.' Defendant did not object to this testimony during the trial, and so must prove the admission of Briggs' testimony was plain error. However, analysis of the plain error argument is again unnecessary because, as with the previous statement, this testimony was introduced to explain Detective Briggs' presence outside of defendant's apartment rather than the truth of the matter asserted.

[The] [d]efendant also asserts that these two statements violated Rule 802 of the North Carolina Rules of Evidence because they are inadmissible hearsay. As previously articulated, the statements were admissible to explain the presence of the detectives, rather than to prove that defendant sought to sell cocaine.

*Id.* 181 N.C. App. 491, 500, 640 S.E.2d 394, 399 (citation, quotation marks, brackets, and ellipses omitted), *disc. review denied and appeal dismissed*, 361 N.C. 573, 651 S.E.2d 370 (2007), *disc. review dismissed*, —— N.C. ——, 673 S.E.2d 872 (2009); *see Wiggins* at 383-85, 648 S.E.2d 870-72.

Just as the law enforcement officer's testimony in *Leyva* was offered to show why the officer went to a particular location, Deputy Shell's quoted testimony in the first two statements regarding the informant was offered to explain his presence at Colony car wash rather than to prove that defendant was a known drug dealer, *see Leyva* at 500, 640 S.E.2d at 399. Furthermore, Deputy Shell's last contested statement, regarding what he wrote on the after-action report only, explains why Deputy Shell wrote down what he did and cannot be read to assert that the defendant is a known drug dealer. All of Deputy Shell's contested statements explain why Deputy Shell was doing what he did; the statements were not inadmissible hearsay nor was the Confrontation Clause of the Sixth Amendment violated. *See id.* Accordingly, this argument is overruled.

### III. Character Evidence

[2] Defendant next contends that "Detective Massey testified that . . . [defendant] was a 'known drug dealer.' . . . This inadmissible and highly prejudicial character evidence violates Rule 404(a) of the North Carolina Rules of Evidence and requires that . . . [defendant] receive a new trial." In describing what took place after the controlled buy Detective Massey testified, "Do a little debrief. The discussion probably goes by A, what happened, how much did you get, and we talked about who it was. I mean, like I said, we know him

personally. Like I say, small town. We know him personally as a drug dealer."

Defendant concedes that "[e]vidence admitted in the absence of an objection is reviewed for plain error[,]" and thus we review for plain error which "arises when the error is so basic, so prejudicial, so lacking in its elements that justice cannot have been done. Defendant, therefore, must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Wells*, —— N.C. App. ——, ——, 675 S.E.2d 85, 87 (2009) (citations, quotation marks, and brackets omitted).

"Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]" N.C. Gen. Stat. § 8C-1, Rule 404(a). However, even assuming *arguendo* that the trial court erred in allowing Detective Massey to testify that defendant was a "known drug dealer[,]" defendant has failed to show any prejudice, much less "that absent the error, the jury probably would have reached a different result." *Wells* at ——, 675 S.E.2d at 87. Defendant directs our attention to *State v. Yancey*, where this Court determined that a "characterization of defendant as an 'asset' was tantamount to identifying defendant as a drug dealer," and therefore defendant was granted a new trial. 155 N.C. App. 609, 611, 573 S.E.2d 243, 245 (2002), *disc. review denied*, 356 N.C. 694, 579 S.E.2d 99 (2003). However, in *Yancey* there was no other evidence that the defendant sold drugs; this Court noted that "the evidence against defendant tends to show that defendant was a drug user, [but] none of the evidence conclusively establishes that defendant trafficked in drugs, much less trafficked or conspired to traffic the drugs seized[.]" *Id.* at 612, 573 S.E.2d at 245. However, in this case, defendant actually sold crack cocaine to Deputy Shell. We therefore do not find *Yancey* to be controlling. *See id.*, 155 N.C. App. 609, 573 S.E.2d 243. Although the trial court may have erred by allowing Detective Massey to testify that defendant was a "known drug dealer[,]" defendant has not demonstrated that this was plain error; he was not prejudiced by this error, considering the other evidence against him. This argument is overruled.

### IV. In-Court Identification

[3] Defendant next contends that "the trial court committed plain error in allowing Officer Shell's in-court identification of . . . [defendant], as it was tainted by and not independent of the impermis-

sibly suggestive and unreliable pre-trial identification procedure."
(Original in all caps). Defendant concedes that he failed to object at
trial and requests that we review this argument for plain error.
However, defendant has again failed to show prejudice as required
for plain error. *See Wells* at ——, 675 S.E.2d at 87. Here, Detective
Massey and Detective Hughes both identified defendant as the indi-
vidual in the car from whom Deputy Shell testified he received crack
cocaine. These eyewitness identifications alone are enough to con-
clude that the jury probably would have reached the same result.
*See id.* This argument is overruled.

## V. Ineffective Assistance of Counsel

[4] Lastly, defendant contends that he received ineffective assistance
of counsel for his attorney's failure to: (1) "file any pre-trial motions
in limine[,]" (2) "object to the prosecuting witness's pre-trial photo
identification and in-court identification of . . . [defendant,]" (3)
"object to highly prejudicial evidence concerning . . . [defendant]'s
past involvement with the police and the officer's belief that . . .
[defendant] is a known drug-dealer[,]" (4) "request limiting jury
instructions following the admission of character evidence under
Rule 404(a)[,]" and (5) "have jury selection, opening statements, and
closing arguments recorded."

> To successfully assert an ineffective assistance of counsel
> claim, defendant must satisfy a two-prong test. First, he must
> show that counsel's performance fell below an objective standard
> of reasonableness. Second, once defendant satisfies the first
> prong, he must show that the error committed was so serious that
> a reasonable probability exists that the trial result would have
> been different absent the error.

*State v. Blakeney*, 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000)
(citations omitted), *cert. denied*, 531 U.S. 1117, 148 L. Ed. 2d 780
(2001). However,

> [t]he fact that counsel made an error, even an unreasonable
> error, does not warrant reversal of a conviction unless there is a
> reasonable probability that, but for counsel's errors, there would
> have been a different result in the proceedings. This determina-
> tion must be based on the totality of the evidence before the
> finder of fact.

*State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985) (cita-
tions omitted).

Defendant has not demonstrated that despite his counsel's alleged "errors, there would have been a different result in the proceedings." *Id.* As to defendant's five issues with his counsel: (1) Defendant has failed to specify on what basis his trial counsel should have made a motion in limine and how this would have changed his case. (2) We have already concluded that any tainted in-court identification did not prejudice defendant's case as two other law enforcement officials also testified as to defendant's identification. (3-4) Again, we have already concluded that any statements as to defendant being a "known drug dealer" were not prejudicial in light of eyewitness testimony to the sale of drugs. (5) Defendant has failed to show or even forecast how a recorded jury selection, opening statement, or closing statement would in any way change his case. As we do not conclude that "there is a reasonable probability that, but for counsel's [alleged] errors, there would have been a different result in the proceedings[,] *id.*, we overrule defendant's argument.

## VI. Conclusion

For the foregoing reasons, we conclude that defendant received a fair trial free from prejudicial error.

NO PREJUDICIAL ERROR.

Judges GEER and ERVIN concur.