BERGER, Judge.
 

 *316
 
 On March 2, 2017, a Forsyth County jury convicted Dennis Raynard Steele ("Defendant") of trafficking cocaine. Defendant asserts on appeal that (1) his Sixth Amendment right to confront witnesses testifying against him was violated, (2) the trial court abused its discretion by admitting out-of-court statements of a confidential informant, and (3) the trial court erred in denying his motion to dismiss for insufficiency of the evidence. We disagree.
 

 Factual and Procedural Background
 

 On September 16, 2014, Investigator Jeremy Webster with the Forsyth County Sheriff's Department's vice and narcotics unit met with a confidential informant who had previously provided reliable information to the department several times. The informant told Investigator Webster that a black male named "Dennis" was manufacturing and selling cocaine, described Dennis as a stocky, dark-skinned black male in his mid-thirties who was known on the streets as "Black," and provided a phone number at which Dennis could be contacted. According to the informant, Dennis would sell crack cocaine packaged in plastic baggies
 
 *317
 
 for twenty dollars. Typically, Dennis would sell one-tenth of a gram of crack cocaine, but had sold as much as one-quarter ounce.
 

 Investigator Webster set up a controlled purchase of crack cocaine from Dennis. He had the informant call the phone number for Dennis. The call was answered by a male subject, and the informant arranged a meeting on September 17, 2014 to purchase an eight-ball (one-eighth of an ounce or three and one-half grams) of cocaine. Defendant
 
 *490
 
 drove a black Hyundai registered to Tyrice Lenard Hauser to conduct the drug transaction with the informant. Following the controlled purchase, the informant provided Investigator Webster with a plastic bag containing three and one-half grams of crack cocaine.
 

 Members of the narcotics unit subsequently became involved in a multi-agency investigation in a neighboring jurisdiction, and, therefore, made no significant progress in this case until December of 2014 when Investigator Webster observed the black Hyundai from the controlled purchase parked at a home on Hanes Avenue in Winston-Salem. By this time, according to the informant, Dennis continued to sell crack cocaine. However, because Dennis was not accepting new customers, investigators were unable to proceed further with an undercover investigation.
 

 In January and February 2015, investigators conducted five trash-pulls at 631 Hanes Avenue to gather additional information, and found evidence of drug use and distribution. The trash also contained dry cleaning tags with the name "Dennis Still" and mail addressed to "Dennis Steele."
 

 Investigators executed a search warrant at the Hanes Avenue location on March 4, 2015. Defendant and Monchea Cunningham were exiting one of the bedrooms when officers first entered the house. Tyjuan Hauser was also found in the residence, along with a two-year-old child. Investigators located digital scales and a razor blade with white residue in the kitchen. Marijuana and a plastic bag containing a capsule with white powder on it were found in a bedroom which also contained mail addressed to Tyrice Hauser.
 
 [1]
 
 A receipt with Defendant's name on it to a local pawn shop was found in the dining room.
 

 When investigators searched the bedroom of Defendant and Cunningham, they observed an unlatched padlock on the door. Defendant and Cunningham had the only keys to the padlock, and used it to prevent others from accessing the bedroom. A search of the room uncovered marijuana, mail addressed to Defendant, two cell phones, a
 
 *318
 
 wallet containing Defendant's driver's license, and more than $400.00 in cash. A box located near the nightstand contained latex gloves, a pair of goggles, and two boxes of plastic baggies.
 

 Three plastic bags containing cocaine and crack cocaine were found in a dresser drawer, along with oxymorphone tablets. One bag contained eighteen individual baggies of crack cocaine packaged for sale. The total weight of the drugs and packaging was 65.8 grams. Chemical analysis of the materials showed 53.78 grams of cocaine were recovered from the residence.
 

 A Ford Crown Victoria registered to Defendant and the black Hyundai registered to Tyrice Hauser that had been observed by officers at the controlled buy were parked at the residence. A medical invoice was found in the Crown Victoria addressed to Defendant at 631 Hanes Avenue, Winston-Salem, North Carolina.
 

 Following the search of the premises, Defendant and Cunningham were arrested. Defendant declined to speak with investigators. However, while being processed at the jail, Defendant was asked for his address. Defendant was unable to provide an address, stating, "The one on my license. 5919 or 5919-5939 Clemmons-5909-whatever is on my license." Defendant also told Corporal Michael Hudak that he wanted to send a letter from the jail to his home, and asked Corporal Hudak if he could write down the address listed on his license because he was unable to remember the address.
 

 While waiting in the magistrate's office, officers overheard Defendant speaking with another arrestee. The two discussed a heroin dealer in Mocksville, and Defendant told the other individual he had been arrested for a little crack, but "he wasn't concerned because it was just a little over two ounces." At the time, officers had not weighed the cocaine, and could not have communicated to Defendant that 53.78 grams, or 1.9 ounces, had been recovered from the residence.
 

 Cunningham waived her
 
 Miranda
 
 rights and told officers she had known Defendant for more than ten years. She admitted that
 
 *491
 
 Defendant had keys to the residence at 631 Hanes Avenue, and testified at trial that Defendant lived at the residence. She also stated that she and Defendant had the only keys to the padlock on the bedroom door, but denied knowledge of any controlled substances in the residence, except marijuana. Regarding the cocaine found in the bedroom, Cunningham told investigators, "I didn't put it there."
 
 *319
 
 On August 17, 2015, the Forsyth County Grand Jury indicted Defendant for trafficking in cocaine and possession of a Schedule II controlled substance. Defendant was tried in Forsyth County Superior Court, and the jury convicted Defendant of trafficking cocaine. Defendant was sentenced to thirty-five to fifty-one months in prison and assessed a fine of $50,000.00. Defendant gave oral notice of appeal.
 

 Analysis
 

 I.
 
 Sixth Amendment
 

 Defendant contends the trial court erred by admitting statements made by the confidential informant through the testimony of Investigator Webster. He specifically argues that the informant's hearsay statements about Defendant's prior sale and manufacture of cocaine should not have been admitted because Defendant was given no opportunity to confront and cross-examine the informant in violation of his constitutional rights as protected by the Sixth Amendment. We disagree.
 

 "The standard of review for alleged violations of constitutional rights is
 
 de novo
 
 ."
 
 State v. Graham
 
 ,
 
 200 N.C. App. 204
 
 , 214,
 
 683 S.E.2d 437
 
 , 444 (2009) (citation omitted),
 
 appeal dismissed,
 

 363 N.C. 857
 
 ,
 
 694 S.E.2d 766
 
 (2010).
 

 The Sixth Amendment guarantees that "[i]n all criminal prosecutions the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. The United States Supreme Court has held the Confrontation Clause applies only to testimonial evidence.
 
 Crawford v. Washington
 
 ,
 
 541 U.S. 36
 
 , 68,
 
 124 S.Ct. 1354
 
 , 1374,
 
 158 L.Ed. 2d 177
 
 , 203 (2004). Testimonial evidence includes
 

 material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, and statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]
 

 Id
 
 . at 51-52,
 
 124 S.Ct. 1354
 
 ,
 
 158 L.Ed. 2d 177
 
 (cleaned up). However, "[t]he [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."
 
 Id
 
 . at 59 n.9,
 
 124 S.Ct. at
 
 1369 n.9,
 
 158 L.Ed. 2d at
 
 198 n.9.
 

 *320
 
 " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-801(c) (2017). The Rules of Evidence generally exclude the use of hearsay statements. N.C. Gen. Stat. § 8C-802 (2017).
 

 However, "[o]ut of court statements offered for purposes other than to prove the truth of the matter asserted are not considered hearsay."
 
 State v. Anthony
 
 ,
 
 354 N.C. 372
 
 , 403-04,
 
 555 S.E.2d 557
 
 , 579 (2001) (citation and quotation marks omitted),
 
 cert. denied
 
 ,
 
 536 U.S. 930
 
 ,
 
 122 S.Ct. 2605
 
 ,
 
 153 L.Ed. 2d 791
 
 (2002). Moreover, "statements of one person to another to explain subsequent actions taken by the person to whom the statement was made are admissible as nonhearsay evidence."
 
 Id
 
 . at 404,
 
 555 S.E.2d at 579
 
 (citation omitted). "[A]dmission of nonhearsay raises no Confrontation Clause concerns."
 
 State v. Gainey
 
 ,
 
 355 N.C. 73
 
 , 87,
 
 558 S.E.2d 463
 
 , 473 (citation and quotation marks omitted),
 
 cert. denied
 
 ,
 
 537 U.S. 896
 
 ,
 
 123 S.Ct. 182
 
 ,
 
 154 L.Ed. 2d 165
 
 (2002).
 

 This Court has consistently held that statements by a confidential informant to law enforcement officers which explain subsequent steps taken by officers in the investigative process are admissible as nonhearsay and "not barred by the Confrontation
 
 *492
 
 Clause."
 
 State v. Wiggins
 
 ,
 
 185 N.C. App. 376
 
 , 384,
 
 648 S.E.2d 865
 
 , 871 (citing
 
 Crawford
 
 ,
 
 541 U.S. at
 
 59 n.9,
 
 124 S.Ct. at
 
 1369 n.9,
 
 158 L.Ed. 2d at
 
 198 n.9 ),
 
 disc. review denied
 
 ,
 
 361 N.C. 703
 
 ,
 
 653 S.E.2d 160
 
 (2007) ;
 
 see also
 

 State v. Batchelor
 
 ,
 
 202 N.C. App. 733
 
 ,
 
 690 S.E.2d 53
 
 (2010) ;
 
 State v. Leyva
 
 ,
 
 181 N.C. App. 491
 
 ,
 
 640 S.E.2d 394
 
 (2007) ;
 
 State v. Rogers
 
 , --- N.C. App. ----,
 
 796 S.E.2d 91
 
 ,
 
 writ allowed
 
 ,
 
 369 N.C. 526
 
 ,
 
 797 S.E.2d 2
 
 (2017).
 

 Here, Investigator Webster testified about the information provided by the confidential informant and the subsequent steps he took to investigate Defendant.
 

 [The State:] What did the confidential informant tell you at that time?
 

 [Webster:] On that date, the confidential informed us-informant-excuse me-advised us that they had knowledge of a black male who was using the name "Dennis" and occasionally using the street name of "Black," who was selling and manufacturing crack cocaine. The C.I. described Dennis as being a 34-year-old, dark-skinned, black male, average height, stocky build, who kept a short haircut. C.I. stated that Dennis was selling crack cocaine in $20 bags, with a $20 bag typically being around a tenth
 
 *321
 
 of a gram in their estimation. They said that Dennis had sold up to a quarter ounce of crack cocaine in the past, that the crack cocaine was typically packaged in plastic bags. The C.I. also provided the phone number ... as a phone number to reach Dennis.
 

 [The State:] Investigator Webster, based on that information you received, were you able to set up what's known as a controlled purchase?
 

 [Webster:] We did. On that particular date, September 16th, the C.I. placed a phone call in my presence to the [phone] number and spoke to a male subject. They priced the-inquired as to the price of 3 1/2 grams of cocaine, or what's commonly referred to as an eight ball of cocaine.
 

 Investigator Webster then described the controlled purchase and law enforcement's subsequent actions to investigate Defendant.
 

 The trial court gave a limiting instruction to the jury before accepting this testimony to ensure the statements would be properly considered by the jury.
 

 [THE COURT:] Members of the jury, I anticipate you're going to hear some testimony about a confidential informant and what this investigator and other officers may have done as a result of their contact with that confidential informant.
 

 Now, ordinarily any statements that that informant may have made would be hearsay because that informant is not here testifying in front of you under oath, but the State is not offering that evidence for the truth of it, and you're not to consider any evidence of what the statement the confidential informant made for its truth. You may consider it for what this officer and other officers may have done as a result of that confidential informant's information.
 

 The defendant in this case, Mr. Steele, is not charged with anything relating to any alleged contact he had with the confidential informant. He is not charged with anything related to that. But you can consider this testimony for what these officers did subsequently in their investigation for the charges that he is on trial for.
 

 *322
 
 Does everybody understand that?
 

 ALL JURORS: (Indicating in the affirmative.)
 

 THE COURT: And can you follow that instruction?
 

 ALL JURORS: (Indicating in the affirmative.)
 

 THE COURT: All right. We'll let the record reflect that all jurors have indicated they do understand that.
 

 The nonhearsay statements were not offered to prove the truth of the matter asserted, but rather to explain how and why the investigation of Defendant began. Such statements are not precluded by
 
 Crawford v. Washington
 
 , and admission of the same does not violate Defendant's Sixth Amendment rights under the Confrontation Clause. Therefore, the trial court did not err in admitting the confidential informant's statements.
 

 *493
 
 II.
 
 Rule 403
 

 Defendant contends the admission of the confidential informant's statements was unfairly prejudicial. We disagree.
 

 "We review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion."
 
 State v. Whaley
 
 ,
 
 362 N.C. 156
 
 , 160,
 
 655 S.E.2d 388
 
 , 390 (2008) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Hennis
 
 ,
 
 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) (citation omitted).
 

 "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...." N.C. Gen. Stat. § 8C-403 (2017). Probative evidence in criminal cases tends to have a prejudicial effect on defendants; however, "the question ... is one of degree."
 
 State v. Mercer
 
 ,
 
 317 N.C. 87
 
 , 93-94,
 
 343 S.E.2d 885
 
 , 889 (1986).
 

 Here, Defendant asserts he was prejudiced by admission of the confidential informant's statements. Specifically, Defendant contends the statements concerning his distribution of illegal drugs were used to show he acted in conformity with the charge of trafficking in cocaine. However, the confidential informant's statements were relevant, and explained the steps taken by officers during the investigation. Further, the trial court's limiting instruction demonstrated that the trial court thoughtfully considered the nature of the testimony and how it could potentially be used by the jury. Defendant has failed to demonstrate that the trial court abused its discretion.
 

 *323
 
 III.
 
 Motion to Dismiss
 

 Defendant argues the trial court erred in denying his motion to dismiss for insufficiency of the evidence. We disagree.
 

 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (citation omitted),
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed. 2d 150
 
 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Smith
 
 ,
 
 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980) (citations omitted). "Evidence must be viewed in the light most favorable to the State with every reasonable inference drawn in the State's favor."
 
 State v. Coley
 
 , --- N.C. App. ----, ----,
 
 810 S.E.2d 359
 
 , 363 (2018) (citation omitted). "[S]o long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also permits a reasonable inference of the defendant's innocence."
 
 State v. Miller
 
 ,
 
 363 N.C. 96
 
 , 99,
 
 678 S.E.2d 592
 
 , 594 (2009) (citation and quotation marks omitted).
 

 To be convicted of trafficking in cocaine by possession, the State must prove, (1) the defendant knowingly possessed cocaine, and (2) the amount was at least twenty-eight grams.
 
 N.C. Gen. Stat. § 90-95
 
 (h)(3) (2017). Defendant contests the first element, and argues there was no evidence presented by the State that he possessed the cocaine.
 

 "[P]ossession of contraband can be either actual or constructive[.]"
 
 State v. McNeil
 
 ,
 
 359 N.C. 800
 
 , 806,
 
 617 S.E.2d 271
 
 , 275 (2005) (citation omitted). "Constructive possession exists when a person, while not having actual possession, has the intent and capability to maintain control and dominion over a controlled substance."
 
 State v. Williams
 
 ,
 
 307 N.C. 452
 
 , 455,
 
 298 S.E.2d 372
 
 , 374 (1983) (citation omitted). "Unless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession."
 
 Miller
 
 , 363 N.C. at 99,
 
 678 S.E.2d at 594
 
 (citation omitted). This Court has held that constructive possession "depends on the totality of the circumstances in each case. No single factor controls, but
 
 *494
 
 ordinarily
 
 the questions will be for the jury
 
 ."
 
 *324
 

 State v. McBride
 
 ,
 
 173 N.C. App. 101
 
 , 106,
 
 618 S.E.2d 754
 
 , 758,
 
 disc. review denied
 
 ,
 
 360 N.C. 179
 
 ,
 
 626 S.E.2d 835
 
 (2005) (citation and quotation marks omitted).
 

 Here, the totality of the evidence tended to show, and the jury could reasonably infer, that Defendant lived with Cunningham in the home at 631 Hanes Avenue. Defendant was unable to provide officers with the address on his driver's license, or any other information regarding his living arrangements. Defendant and Cunningham shared a bedroom which also contained drug paraphernalia and illegal contraband, and was padlocked from the outside to prevent entry. Defendant and Cunningham had the only keys to the padlock barring access to the bedroom.
 

 The jury could infer that the items on the nightstand, where Defendant's wallet and mail were located, also belonged to Defendant. Officers found more than four hundred dollars in cash on this nightstand. A box located near the nightstand contained latex gloves, a pair of goggles, and two boxes of plastic baggies, which the jury could infer were used to manufacture, package, or otherwise distribute crack cocaine. A reasonable juror could infer from Cunningham's statement to officers that she did not put the cocaine in the dresser. Moreover, Cunningham stated that she only knew about the marijuana in the home, and that the cocaine did not belong to her. The jury could reasonably infer that Defendant, the only other individual with access to the bedroom, was the individual who had control and dominion over the cocaine found by officers. In addition, Defendant's knowledge of the weight of cocaine found in the bedroom, as demonstrated by his conversation with the other arrestee in the magistrate's office, is yet another incriminating circumstance from which the jury could find Defendant's constructive possession of cocaine.
 

 When viewed in the light most favorable to the State, there was substantial evidence that Defendant was in constructive possession of more than twenty-eight grams of cocaine. Defendant's motion to dismiss for insufficiency of the evidence was properly denied.
 

 Conclusion
 

 The trial court properly admitted statements by the confidential informant which were used to explain the steps officers took in their investigation, and admission of these statements did not violate Defendant's Sixth Amendment rights under the Confrontation Clause. The trial court did not abuse its discretion by admitting the confidential informant's statements. Finally, the trial court did not err in denying Defendant's motion to dismiss for insufficiency of the evidence because
 
 *325
 
 the State introduced substantial evidence of constructive possession. Therefore, Defendant received a fair trial free from error.
 

 NO ERROR.
 

 Judges BRYANT and DIETZ concur.
 

 [1]
 

 Tyrice and Tyjuan Hauser are adult children of Monchea Cunningham.