IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-868

 Filed: 3 July 2018

Forsyth County, No. 15CRS051950

STATE OF NORTH CAROLINA

 v.

DENNIS RAYNARD STEELE, Defendant.

 Appeal by defendant from judgment entered 2 March 2017 by Judge Susan E.

Bray in Forsyth County Superior Court. Heard in the Court of Appeals 30 January

2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Matthew L.
 Liles, for the State.

 Nils E. Gerber for defendant-appellant.

 BERGER, Judge.

 On March 2, 2017, a Forsyth County jury convicted Dennis Raynard Steele

(“Defendant”) of trafficking cocaine. Defendant asserts on appeal that (1) his Sixth

Amendment right to confront witnesses testifying against him was violated, (2) the

trial court abused its discretion by admitting out-of-court statements of a confidential

informant, and (3) the trial court erred in denying his motion to dismiss for

insufficiency of the evidence. We disagree.

 Factual and Procedural Background
 STATE V. STEELE

 Opinion of the Court

 On September 16, 2014, Investigator Jeremy Webster with the Forsyth County

Sheriff’s Department’s vice and narcotics unit met with a confidential informant who

had previously provided reliable information to the department several times. The

informant told Investigator Webster that a black male named “Dennis” was

manufacturing and selling cocaine, described Dennis as a stocky, dark-skinned black

male in his mid-thirties who was known on the streets as “Black,” and provided a

phone number at which Dennis could be contacted. According to the informant,

Dennis would sell crack cocaine packaged in plastic baggies for twenty dollars.

Typically, Dennis would sell one-tenth of a gram of crack cocaine, but had sold as

much as one-quarter ounce.

 Investigator Webster set up a controlled purchase of crack cocaine from

Dennis. He had the informant call the phone number for Dennis. The call was

answered by a male subject, and the informant arranged a meeting on September 17,

2014 to purchase an eight-ball (one-eighth of an ounce or three and one-half grams)

of cocaine. Defendant drove a black Hyundai registered to Tyrice Lenard Hauser to

conduct the drug transaction with the informant. Following the controlled purchase,

the informant provided Investigator Webster with a plastic bag containing three and

one-half grams of crack cocaine.

 Members of the narcotics unit subsequently became involved in a multi-agency

investigation in a neighboring jurisdiction, and, therefore, made no significant

 -2-
 STATE V. STEELE

 Opinion of the Court

progress in this case until December of 2014 when Investigator Webster observed the

black Hyundai from the controlled purchase parked at a home on Hanes Avenue in

Winston-Salem. By this time, according to the informant, Dennis continued to sell

crack cocaine. However, because Dennis was not accepting new customers,

investigators were unable to proceed further with an undercover investigation.

 In January and February 2015, investigators conducted five trash-pulls at 631

Hanes Avenue to gather additional information, and found evidence of drug use and

distribution. The trash also contained dry cleaning tags with the name “Dennis Still”

and mail addressed to “Dennis Steele.”

 Investigators executed a search warrant at the Hanes Avenue location on

March 4, 2015. Defendant and Monchea Cunningham were exiting one of the

bedrooms when officers first entered the house. Tyjuan Hauser was also found in the

residence, along with a two-year-old child. Investigators located digital scales and a

razor blade with white residue in the kitchen. Marijuana and a plastic bag containing

a capsule with white powder on it were found in a bedroom which also contained mail

addressed to Tyrice Hauser.1 A receipt with Defendant’s name on it to a local pawn

shop was found in the dining room.

 When investigators searched the bedroom of Defendant and Cunningham, they

observed an unlatched padlock on the door. Defendant and Cunningham had the

 1 Tyrice and Tyjuan Hauser are adult children of Monchea Cunningham.

 -3-
 STATE V. STEELE

 Opinion of the Court

only keys to the padlock, and used it to prevent others from accessing the bedroom.

A search of the room uncovered marijuana, mail addressed to Defendant, two cell

phones, a wallet containing Defendant’s driver’s license, and more than $400.00 in

cash. A box located near the nightstand contained latex gloves, a pair of goggles, and

two boxes of plastic baggies.

 Three plastic bags containing cocaine and crack cocaine were found in a dresser

drawer, along with oxymorphone tablets. One bag contained eighteen individual

baggies of crack cocaine packaged for sale. The total weight of the drugs and

packaging was 65.8 grams. Chemical analysis of the materials showed 53.78 grams

of cocaine were recovered from the residence.

 A Ford Crown Victoria registered to Defendant and the black Hyundai

registered to Tyrice Hauser that had been observed by officers at the controlled buy

were parked at the residence. A medical invoice was found in the Crown Victoria

addressed to Defendant at 631 Hanes Avenue, Winston-Salem, North Carolina.

 Following the search of the premises, Defendant and Cunningham were

arrested. Defendant declined to speak with investigators. However, while being

processed at the jail, Defendant was asked for his address. Defendant was unable to

provide an address, stating, “The one on my license. 5919 or 5919 – 5939 Clemmons

– 5909 – whatever is on my license.” Defendant also told Corporal Michael Hudak

that he wanted to send a letter from the jail to his home, and asked Corporal Hudak

 -4-
 STATE V. STEELE

 Opinion of the Court

if he could write down the address listed on his license because he was unable to

remember the address.

 While waiting in the magistrate’s office, officers overheard Defendant speaking

with another arrestee. The two discussed a heroin dealer in Mocksville, and

Defendant told the other individual he had been arrested for a little crack, but “he

wasn’t concerned because it was just a little over two ounces.” At the time, officers

had not weighed the cocaine, and could not have communicated to Defendant that

53.78 grams, or 1.9 ounces, had been recovered from the residence.

 Cunningham waived her Miranda rights and told officers she had known

Defendant for more than ten years. She admitted that Defendant had keys to the

residence at 631 Hanes Avenue, and testified at trial that Defendant lived at the

residence. She also stated that she and Defendant had the only keys to the padlock

on the bedroom door, but denied knowledge of any controlled substances in the

residence, except marijuana. Regarding the cocaine found in the bedroom,

Cunningham told investigators, “I didn’t put it there.”

 On August 17, 2015, the Forsyth County Grand Jury indicted Defendant for

trafficking in cocaine and possession of a Schedule II controlled substance. Defendant

was tried in Forsyth County Superior Court, and the jury convicted Defendant of

trafficking cocaine. Defendant was sentenced to thirty-five to fifty-one months in

prison and assessed a fine of $50,000.00. Defendant gave oral notice of appeal.

 -5-
 STATE V. STEELE

 Opinion of the Court

 Analysis

I. Sixth Amendment

 Defendant contends the trial court erred by admitting statements made by the

confidential informant through the testimony of Investigator Webster. He

specifically argues that the informant’s hearsay statements about Defendant’s prior

sale and manufacture of cocaine should not have been admitted because Defendant

was given no opportunity to confront and cross-examine the informant in violation of

his constitutional rights as protected by the Sixth Amendment. We disagree.

 “The standard of review for alleged violations of constitutional rights is de

novo.” State v. Graham, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009) (citation

omitted), appeal dismissed, 363 N.C. 857, 694 S.E.2d 766 (2010).

 The Sixth Amendment guarantees that “[i]n all criminal prosecutions the

accused shall enjoy the right . . . to be confronted with the witnesses against him[.]”

U.S. Const. amend. VI. The United States Supreme Court has held the Confrontation

Clause applies only to testimonial evidence. Crawford v. Washington, 541 U.S. 36,

68, 158 L. Ed. 2d 177, 203 (2004). Testimonial evidence includes

 material such as affidavits, custodial examinations, prior
 testimony that the defendant was unable to cross-examine,
 or similar pretrial statements that declarants would
 reasonably expect to be used prosecutorially, extrajudicial
 statements contained in formalized testimonial materials,
 such as affidavits, depositions, prior testimony, or
 confessions, and statements that were made under
 circumstances which would lead an objective witness

 -6-
 STATE V. STEELE

 Opinion of the Court

 reasonably to believe that the statement would be available
 for use at a later trial[.]

Id. at 51-52, 158 L. Ed. 2d 177 (cleaned up). However, “[t]he [Confrontation] Clause

also does not bar the use of testimonial statements for purposes other than

establishing the truth of the matter asserted.” Id. at 59 n.9, 158 L. Ed. 2d at 198 n.9.

 “ ‘Hearsay’ is a statement, other than one made by the declarant while

testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted.” N.C. Gen. Stat. § 8C-801(c) (2017). The Rules of Evidence generally

exclude the use of hearsay statements. N.C. Gen. Stat. § 8C-802 (2017).

 However, “[o]ut of court statements offered for purposes other than to prove

the truth of the matter asserted are not considered hearsay.” State v. Anthony, 354

N.C. 372, 403-04, 555 S.E.2d 557, 579 (2001) (citation and quotation marks omitted),

cert. denied, 536 U.S. 930, 153 L. Ed. 2d 791 (2002). Moreover, “statements of one

person to another to explain subsequent actions taken by the person to whom the

statement was made are admissible as nonhearsay evidence.” Id. at 404, 555 S.E.2d

at 579 (citation omitted). “[A]dmission of nonhearsay raises no Confrontation Clause

concerns.” State v. Gainey, 355 N.C. 73, 87, 558 S.E.2d 463, 473 (citation and

quotation marks omitted), cert. denied, 537 U.S. 896, 154 L. Ed. 2d 165 (2002).

 This Court has consistently held that statements by a confidential informant

to law enforcement officers which explain subsequent steps taken by officers in the

investigative process are admissible as nonhearsay and “not barred by the

 -7-
 STATE V. STEELE

 Opinion of the Court

Confrontation Clause.” State v. Wiggins, 185 N.C. App. 376, 384, 648 S.E.2d 865, 871

(citing Crawford, 541 U.S. at 59 n.9, 158 L. Ed. 2d at 198 n.9), disc. review denied,

361 N.C. 703, 653 S.E.2d 160 (2007); see also State v. Batchelor, 202 N.C. App. 733,

690 S.E.2d 53 (2010); State v. Leyva, 181 N.C. App. 491, 640 S.E.2d 394 (2007); State

v. Rogers, ___ N.C. App. ___, 796 S.E.2d 91, writ allowed, 369 N.C. 526, 797 S.E.2d 2

(2017).

 Here, Investigator Webster testified about the information provided by the

confidential informant and the subsequent steps he took to investigate Defendant.

 [The State:] What did the confidential informant tell you
 at that time?

 [Webster:] On that date, the confidential informed us --
 informant -- excuse me -- advised us that they had
 knowledge of a black male who was using the name
 "Dennis" and occasionally using the street name of "Black,"
 who was selling and manufacturing crack cocaine. The C.I.
 described Dennis as being a 34-year-old, dark-skinned,
 black male, average height, stocky build, who kept a short
 haircut. C.I. stated that Dennis was selling crack cocaine
 in $20 bags, with a $20 bag typically being around a tenth
 of a gram in their estimation. They said that Dennis had
 sold up to a quarter ounce of crack cocaine in the past, that
 the crack cocaine was typically packaged in plastic bags.
 The C.I. also provided the phone number . . . as a phone
 number to reach Dennis.

 [The State:] Investigator Webster, based on that
 information you received, were you able to set up what's
 known as a controlled purchase?

 [Webster:] We did. On that particular date, September
 16th, the C.I. placed a phone call in my presence to the

 -8-
 STATE V. STEELE

 Opinion of the Court

 [phone] number and spoke to a male subject. They priced
 the -- inquired as to the price of 3 1/2 grams of cocaine, or
 what's commonly referred to as an eight ball of cocaine.

Investigator Webster then described the controlled purchase and law enforcement’s

subsequent actions to investigate Defendant.

 The trial court gave a limiting instruction to the jury before accepting this

testimony to ensure the statements would be properly considered by the jury.

 [THE COURT:] Members of the jury, I anticipate you're
 going to hear some testimony about a confidential
 informant and what this investigator and other officers
 may have done as a result of their contact with that
 confidential informant.

 Now, ordinarily any statements that that informant
 may have made would be hearsay because that informant
 is not here testifying in front of you under oath, but the
 State is not offering that evidence for the truth of it, and
 you're not to consider any evidence of what the statement
 the confidential informant made for its truth. You may
 consider it for what this officer and other officers may have
 done as a result of that confidential informant's
 information.

 The defendant in this case, Mr. Steele, is not charged
 with anything relating to any alleged contact he had with
 the confidential informant. He is not charged with
 anything related to that. But you can consider this
 testimony for what these officers did subsequently in their
 investigation for the charges that he is on trial for.

 Does everybody understand that?

 ALL JURORS: (Indicating in the affirmative.)

 THE COURT: And can you follow that instruction?

 -9-
 STATE V. STEELE

 Opinion of the Court

 ALL JURORS: (Indicating in the affirmative.)

 THE COURT: All right. We'll let the record reflect that all
 jurors have indicated they do understand that.

 The nonhearsay statements were not offered to prove the truth of the matter

asserted, but rather to explain how and why the investigation of Defendant began.

Such statements are not precluded by Crawford v. Washington, and admission of the

same does not violate Defendant’s Sixth Amendment rights under the Confrontation

Clause. Therefore, the trial court did not err in admitting the confidential informant’s

statements.

II. Rule 403

 Defendant contends the admission of the confidential informant’s statements

was unfairly prejudicial. We disagree.

 “We review a trial court’s decision to exclude evidence under Rule 403 for abuse

of discretion.” State v. Whaley, 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008) (citation

omitted). “Abuse of discretion results where the court’s ruling is manifestly

unsupported by reason or is so arbitrary that it could not have been the result of a

reasoned decision.” State v. Hennis, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)

(citation omitted).

 “Although relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice . . . .” N.C. Gen. Stat.

 - 10 -
 STATE V. STEELE

 Opinion of the Court

§ 8C-403 (2017). Probative evidence in criminal cases tends to have a prejudicial

effect on defendants; however, “the question . . . is one of degree.” State v. Mercer,

317 N.C. 87, 93-94, 343 S.E.2d 885, 889 (1986).

 Here, Defendant asserts he was prejudiced by admission of the confidential

informant’s statements. Specifically, Defendant contends the statements concerning

his distribution of illegal drugs were used to show he acted in conformity with the

charge of trafficking in cocaine. However, the confidential informant’s statements

were relevant, and explained the steps taken by officers during the investigation.

Further, the trial court’s limiting instruction demonstrated that the trial court

thoughtfully considered the nature of the testimony and how it could potentially be

used by the jury. Defendant has failed to demonstrate that the trial court abused its

discretion.

III. Motion to Dismiss

 Defendant argues the trial court erred in denying his motion to dismiss for

insufficiency of the evidence. We disagree.

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted).

“Upon defendant’s motion for dismissal, the question for the Court is whether there

is substantial evidence (1) of each essential element of the offense charged, or of a

lesser offense included therein, and (2) of defendant’s being the perpetrator of such

 - 11 -
 STATE V. STEELE

 Opinion of the Court

offense. If so, the motion is properly denied.” State v. Fritsch, 351 N.C. 373, 378, 526

S.E.2d 451, 455 (citation omitted), cert. denied, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

“Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.” State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d

164, 169 (1980) (citations omitted). “Evidence must be viewed in

the light most favorable to the State with every reasonable inference drawn in the

State's favor.” State v. Coley, ___ N.C. App. ___, ___, 810 S.E.2d 359, 363 (2018)

(citation omitted). “[S]o long as the evidence supports a reasonable inference of the

defendant's guilt, a motion to dismiss is properly denied even though the evidence

also permits a reasonable inference of the defendant's innocence.” State v. Miller, 363

N.C. 96, 99, 678 S.E.2d 592, 594 (2009) (citation and quotation marks omitted).

 To be convicted of trafficking in cocaine by possession, the State must prove,

(1) the defendant knowingly possessed cocaine, and (2) the amount was at least

twenty-eight grams. N.C. Gen. Stat. § 90-95(h)(3) (2017). Defendant contests the

first element, and argues there was no evidence presented by the State that he

possessed the cocaine.

 “[P]ossession of contraband can be either actual or constructive[.]” State v.

McNeil, 359 N.C. 800, 806, 617 S.E.2d 271, 275 (2005) (citation omitted).

“Constructive possession exists when a person, while not having actual possession,

has the intent and capability to maintain control and dominion over a controlled

 - 12 -
 STATE V. STEELE

 Opinion of the Court

substance.” State v. Williams, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983) (citation

omitted). “Unless a defendant has exclusive possession of the place where the

contraband is found, the State must show other incriminating circumstances

sufficient for the jury to find a defendant had constructive possession.” Miller, 363

N.C. at 99, 678 S.E.2d at 594 (citation omitted). This Court has held that constructive

possession “depends on the totality of the circumstances in each case. No single factor

controls, but ordinarily the questions will be for the jury.” State v. McBride, 173 N.C.

App. 101, 106, 618 S.E.2d 754, 758, disc. review denied, 360 N.C. 179, 626 S.E.2d 835

(2005) (citation and quotation marks omitted).

 Here, the totality of the evidence tended to show, and the jury could reasonably

infer, that Defendant lived with Cunningham in the home at 631 Hanes Avenue.

Defendant was unable to provide officers with the address on his driver’s license, or

any other information regarding his living arrangements. Defendant and

Cunningham shared a bedroom which also contained drug paraphernalia and illegal

contraband, and was padlocked from the outside to prevent entry. Defendant and

Cunningham had the only keys to the padlock barring access to the bedroom.

 The jury could infer that the items on the nightstand, where Defendant’s wallet

and mail were located, also belonged to Defendant. Officers found more than four

hundred dollars in cash on this nightstand. A box located near the nightstand

contained latex gloves, a pair of goggles, and two boxes of plastic baggies, which the

 - 13 -
 STATE V. STEELE

 Opinion of the Court

jury could infer were used to manufacture, package, or otherwise distribute crack

cocaine. A reasonable juror could infer from Cunningham’s statement to officers that

she did not put the cocaine in the dresser. Moreover, Cunningham stated that she

only knew about the marijuana in the home, and that the cocaine did not belong to

her. The jury could reasonably infer that Defendant, the only other individual with

access to the bedroom, was the individual who had control and dominion over the

cocaine found by officers. In addition, Defendant’s knowledge of the weight of cocaine

found in the bedroom, as demonstrated by his conversation with the other arrestee

in the magistrate’s office, is yet another incriminating circumstance from which the

jury could find Defendant’s constructive possession of cocaine.

 When viewed in the light most favorable to the State, there was substantial

evidence that Defendant was in constructive possession of more than twenty-eight

grams of cocaine. Defendant’s motion to dismiss for insufficiency of the evidence was

properly denied.

 Conclusion

 The trial court properly admitted statements by the confidential informant

which were used to explain the steps officers took in their investigation, and

admission of these statements did not violate Defendant’s Sixth Amendment rights

under the Confrontation Clause. The trial court did not abuse its discretion by

admitting the confidential informant’s statements. Finally, the trial court did not err

 - 14 -
 STATE V. STEELE

 Opinion of the Court

in denying Defendant’s motion to dismiss for insufficiency of the evidence because the

State introduced substantial evidence of constructive possession. Therefore,

Defendant received a fair trial free from error.

 NO ERROR.

 Judges BRYANT and DIETZ concur.

 - 15 -